IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re: | Case No. 22-_60043_ |
| FREE SPEECH SYSTEMS, LLC, | Chapter 11 (Subchapter V) |
| Debtor. | |

**ORDER (A) AUTHORIZING THE DEBTOR TO PAY PREPETITION OBLIGATIONS OF CERTAIN CRITICAL VENDORS, AND (B) GRANTING RELATED RELIEF**

Upon the *Debtor's Emergency Motion for Order (A) Authorizing the Debtor to Pay Prepetition Obligations of Certain Critical Vendors, and (B) Granting Related Relief* (the "Motion")[1] filed on July 29, 2022; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtor is authorized, in its sole discretion, to pay in the ordinary course of its business the prepetition obligations owed to the Critical Vendors in the amounts set forth in Schedule 1 attached hereto.

---

[1] Capitalized terms used by not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

2. The payment of the Obligations is conditioned upon the agreement of each Critical Vendor to continue supplying services on terms and based on practices and programs in effect between the Critical Vendor and the Debtor in the year prior to the Petition Date (the "Customary Trade Terms"), or such other trade terms as are agreed to by the Debtor and the Critical Vendor.

3. The Debtor shall have the right to negotiate new trade terms with the Critical Vendor as a condition to payment of a portion of the Obligations owed to each Critical Vendor (the "Obligations").

4. Any payments made on Obligations pursuant to this Motion shall be applied first to any claim of such Critical Vendors under section 503(b)(9) of the Bankruptcy Code. Nothing in this Motion or any order of this Court approving this Motion should be construed as a waiver by the Debtor of its rights to contest any invoice of a Critical Vendor under applicable non-bankruptcy law.

5. If a Critical Vendor refuses to supply services to the Debtor on Customary Trade Terms following payment of any portion of the Obligations, the Debtor, in its discretion, and without further order of the Court, may deem any payments made to the Critical Vendor on account of the Obligations to have been in payment of then-outstanding post-petition claims of the Critical Vendor and to terminate the critical vendor status of such a vendor (the "Terminated Obligor").

6. In the event the Debtor chooses not to terminate the critical vendor status of a Critical Vendor immediately upon a refusal by a Critical Vendor to provide services in accordance with Customary Trade Terms, the Debtor shall not be deemed to have waived the ability to terminate a Critical Vendor or waived the ability to deem any payments made to the

Critical Vendor on account of the Obligations to have been in payment of then-outstanding post-petition claims of such Critical Vendor.

7. In the event the Debtor exercises the rights set forth in the preceding paragraph, the Terminated Obligor shall be required to immediately return any payments made on account of its Obligations to the extent that such payments exceed the post-petition amounts then owed to the Terminated Obligor, without giving effect to any rights of setoff or reclamation. In the event that the Terminated Obligor refuses to acknowledge such recharacterization and to issue the repayment, the Debtor is authorized to compel such recharacterization and repayment by a motion on such notice as is required by this Court.

8. Nothing in this Order or the Motion shall limit (a) the Debtor's authority to pay obligations to creditors that were incurred by the Debtor after the Petition Date.

9. Nothing in this Order or any actions taken pursuant to such relief is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any ground, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested in this motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate, (g) a waiver or limitation of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession from the Debtor

that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10. Any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's or any other party in interest's rights to subsequently dispute such claim.

11. This Order shall be immediately effective and enforceable upon its entry and shall not be stayed by Bankruptcy Rule 6004(h), if applicable.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2022

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE

## SCHEDULE 1 TO ORDER

| Vendor | Description | Amount of Critical Vendor Claim | Address | City | State | Zip |
|---|---|---|---|---|---|---|
| Addshoppers, Inc | E Commerce Store | $ 2,191.93 | 222 S. Church Street #410M | Charlotte | NC | 28202 |
| Amazon Web Services | E Commerce Store | $ 77,000.00 | | | | |
| ATXHD,Inc | Satellite uplink | $ 19,334.48 | 602 S. Cowal Drive | Spicewood | TX | 78669 |
| Austin Security & Investigation Solution | Uniformed Security | $ 28,044.34 | P.O. Box 2904 | Pflugerville | TX | 78691 |
| Balcones Recycling Inc. | Trash / Dumpster Service | $ 386.99 | P.O. Box 679912 | Dallas | TX | 75267 |
| Cloudflare, Inc | IT / E Commerce Security | $ 124,162.64 | Dept LA 24609 | Pasadena | CA | 91185-4609 |
| eCommerce CDN LLC | E Commerce Store | $ 1,070.85 | 221 E 63rd Street | Savannah | GA | 31405 |
| Edgecast, Inc. | Radio Station Link | $ 6,449.30 | Dept CH 18120 | Palatine | IL | 60055 |
| Frost Insurance Agency | Company Insurance | $ 2,694.52 | 401 Congress Ave., 14th Floor | Austin | TX | 78701 |
| Getty Images, Inc | Licenses for Pictures / Video | $ 10,121.38 | P.O. Box 953604 | St. Louis | MO | 63195-3604 |
| Haivision Network Video | Streaming Bandwidth | $ 54,851.50 | Dept CH 19848 | Palatine | IL | 60055-9848 |
| Magento | E Commerce Store | $ 7,792.40 | P.O. Box 204125 | Dallas | TX | 75320-4105 |
| mongoDB Cloud | Cloud Storage | $ 3,054.44 | 1633 Broadway 39th Floor | New York | NY | 10019 |
| Protection 1 Alarm | Alarm Service | $ 3,461.42 | | | | |
| Synergy North America Inc | e commerce software | $ 2,061.49 | 11001 W. 120th Ave. Suite 400 | Broomfield | CO | 80021 |
| The Hartford | Company Insurance | $ 2,780.35 | | | | |
| Travelers | Company Insurance | $ 673.48 | | | | |
| TrustArc | | $ 1,221.46 | | | | |
| WMQM-AM 1600 | Advertising | $ 2,291.67 | 21 Stephen Hill Rd | Atoka | TN | 38004 |
| WWCR | Advertising | $ 9,900.00 | 1300 WWCR Avenue | Nashville | TN | 37218-3800 |
| | **Total Critical Vendors** | $ 359,544.62 | | | | |