# Exhibit 9

Filed in The District Court
of Travis County, Texas

AR SEP 27 2021
At 3:30 P.M.
Velva L. Price, District Clerk

D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN<br>*Plaintiff* | § § § | IN DISTRICT COURT OF |
| VS. | § § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC,<br>FREE SPEECH SYSTEMS, LLC, and<br>OWEN SHROYER<br>*Defendants* | § § § § | 459th DISTRICT COURT |

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On this day, the Court considered Neil Heslin's Motion for Default Judgment. The Court finds that the Motion should be granted.

### BACKGROUND

On October 18, 2019, this Court ordered expedited discovery in Mr. Heslin's IIED claim, including written discovery and depositions. Defendants failed to comply with the order in numerous respects. On December 20, 2019, the Court assessed sanctions and held the Defendants in contempt for intentionally disobeying the order. At that time, the Court took under advisement all additional remedies based on representations by Defendants that discovery would be promptly supplemented during the appellate stay. As the Court stated in its prior order, the amount of supplemental discovery would be a factor when revisiting sanctions upon remand. Despite their promises, Defendants failed to supplement any discovery following the

1

2019 hearing and prior to remand. Defendants also failed to supplement any discovery for nearly three months following remand in June 2021.

On August 26, 2021, a few days before the hearing on this matter, Defendants provided some additional documents to Mr. Heslin, but it is clear these documents do not satisfy Defendants' outstanding obligations. In addition, Defendants did not provide any supplemental discovery responses, nor did Defendants make efforts for a corporate representative deposition to cure their non-appearance. Nor have the Defendants fully and fairly responded to the discovery requests at issue.

## FINDINGS

The Court now finds that a default judgment on liability should be granted. The Court finds that Defendants' discovery conduct in this case has shown flagrant bad faith and callous disregard for the responsibilities of discovery under the rules. The Court finds Defendants' conduct is greatly aggravated by the consistent pattern of discovery abuse throughout the other Sandy Hook cases pending before this Court. Prior to the discovery abuse in this case, Defendants also violated this Court's discovery orders in *Lewis v. Jones, et al.* (D-1-GN-18-006623) and *Heslin v. Jones, et al.* (D-1-GN-18-001835). After next violating the October 18, 2019 discovery order in this case, Defendants also failed to timely answer discovery in *Pozner v. Jones, et al.* (D-1-GN-18-001842), another Sandy Hook lawsuit, as well as *Fontaine v. InfoWars, LLC, et al.* (D-1-GN-18-1605), a similar lawsuit involving Defendants' publications about the Stoneman Douglas High School shooting. The Court also notes that

Defendants have repeatedly violated discovery orders in *Lafferty v. Jones*, a similar defamation lawsuit brought by a different set of Sandy Hook parents in the Superior Court of Connecticut. In sum, Defendants have been engaged in pervasive and persistent obstruction of the discovery process in general. The Court is also faced with Defendants' refusal to produce critical evidence. Defendants have shown a deliberate, contumacious, and unwarranted disregard for this Court's authority. Based on the record before it, this Court finds that Defendants' egregious discovery abuse justifies a presumption that its defenses lack merit.

In reaching its decision, this Court has considered lesser remedies before imposing sanctions that preclude Defendants' ability to present the merits of their liability defense [and determined they would be inadequate in light of the history of Defendants' conduct in this court]. However, the Court has more than a sufficient record to conclude that an escalating series of judicial admonishments, monetary penalties, and non-dispositive sanctions have all been ineffective at deterring the abuse. This Court rejects lesser sanctions because they have proven ineffective when previously ordered. They would also benefit Defendants and increase the costs to Plaintiffs, and they would not adequately serve to correct the Defendants' persistent discovery abuses. Furthermore, in considering whether lesser remedies would be effective, this Court has also considered Defendants' general bad faith approach to litigation, Mr. Jones' public threats, and Mr. Jones' professed belief that these proceedings are "show trials."

It is clear to the Court that discovery misconduct is properly attributable to the client and not the attorney, especially since Defendants have been represented by seven attorneys over the course of the suit. Regardless of the attorney, Defendants' discovery abuse remained consistent.

It is accordingly ORDERED that a default judgment be entered against Defendants with respect to liability in this lawsuit.

It is further ORDERED that Defendants shall pay reasonable attorney's fees in connection with Plaintiffs' Motion. Plaintiffs shall submit evidence regarding the reasonable value of the time expended by their attorneys related to their Motion for Default Judgment subsequent to the December 2019 hearing in this matter.

Dated September 27, 2021.

Hon. Maya Guerra Gamble