# Exhibit 10

```
                                                                    1

XO6 UWY CV18-6046436-S        :   SUPERIOR COURT

ERICA LAFFERTY, ET AL         :   JUDICIAL DISTRICT OF WATERBURY

V                             :   AT WATERBURY, CONNECTICUT

ALEX EMRIC JONES, ET AL       :   NOVEMBER 15, 2021

-----------------------------------------------------------------

XO6 UWY CV18-6046437-S        :   SUPERIOR COURT

WILLIAM SHERLACH, ET AL       :   JUDICIAL DISTRICT OF WATERBURY

V                             :   AT WATERBURY, CONNECTICUT

ALEX EMRIC JONES, ET AL       :   NOVEMBER 15, 2021

-----------------------------------------------------------------

XO6 UWY CV18-6046438-S        :   SUPERIOR COURT

WILLIAM SHERLACH, ET AL       :   JUDICIAL DISTRICT OF WATERBURY

V                             :   AT WATERBURY, CONNECTICUT

ALEX EMRIC JONES, ET AL       :   NOVEMBER 15, 2021
```

**COURT'S RULING**

B E F O R E:

    THE HONORABLE BARBARA N. BELLIS, JUDGE

A P P E A R A N C E S:

Representing the Plaintiffs:

    ATTORNEY CHRISTOPHER MATTEI
    ATTORNEY ALINOR STERLING
    ATTORNEY MATTHEW BLUMENTHAL
    Koskoff Koskoff & Bieder
    350 Fairfield Avenue
    Bridgeport, Connecticut  06604

2

Representing the Defendants:

    ATTORNEY JAY MARSHALL WOLMAN
    Randazza Legal Group
    100 Pearl Street
    Hartford, Connecticut  06103

    ATTORNEY CAMERON L. ATKINSON
    Pattis & Smith
    383 Orange Street
    New Haven, Connecticut  06511

    ATTORNEY MARIO CERAME
    Brignole Bush & Lewis
    73 Wadsworth Street
    Hartford, Connecticut  06106

                                    Recorded and Transcribed By:
                                    Patricia Sabol
                                    Court Monitor
                                    400 Grand Street
                                    Waterbury, Connecticut  06702

1   THE COURT:  All right.  So I will order a copy of
2   the transcript of the following ruling, and I will
3   sign it and I will place it in the court file as my
4   decision for the purposes of any appeal.
5   So I'll first address the Clinton deposition
6   issue and the conduct of July 1, 2021.  In the July
7   19, 2021 court filing by the defendants Infowars, LLC,
8   Free Speech Systems, LLC, Infowars Health, LLC and
9   Prison Planet, LLC, they described how in the motion
10  to depose Hillary Clinton, testimony designated by the
11  plaintiffs as highly confidential was filed in the
12  Clinton deposition motion.  They explained that this
13  was done because in their opinion, the plaintiffs did
14  not have a good-faith basis to designate the
15  deposition as highly confidential before the
16  deposition had commenced, despite the fact that the
17  Jones defendants had previously done so themselves.
18  And it is not lost on the Court that the highly
19  confidential information was improperly filed in the
20  middle of the first deposition of a plaintiff.
21  The July 19, 2021 filing is in sharp contrast to
22  the Jones defendants' position at the October 20, 2021
23  sanctions' hearing where the Court addressed what, if
24  any, sanctions should enter.  At the October 20
25  hearing, the Jones defendants claim they could publish
26  confidential information as long as they did not
27  reveal the name of the witness.  That is, they argued

unconvincingly that they didn't understand the very protective order that they themselves drafted and asked the Court to approve as a Court order, which the Court did.

The position of the Jones defendants at the October 20, 2021 sanctions hearing did nothing but reinforce the Court's August 5th, 2021 order and findings that the cavalier actions on July 1st, 2021 constituted willful misconduct and violated the Court's clear and unambiguous protective order.

The history of the attorneys who have appeared for the defendants, Alex Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC and Prison Planet TV, LLC is a convoluted one, even putting aside the motions to withdraw appearance, the claims of conflict of interest and the motions for stay advanced by these five defendants.

As the record reflects, on June 28, 2018, Attorney Wolman appeared for all five of the Jones defendants. Eight months later, on March 1st, 2019, Attorney Wolman is out of the case and Pattis & Smith filed an in-lieu-of appearance for all five defendants. On February 24, 2020, Attorney Latonica also appeared for all five defendants. Five months later on July 7, 2020, Attorney Latonica and Pattis & Smith is now out of the case and Attorney Wolman is back in the case for all five defendants. Then on

 1 | June 28, 2020, Pattis and Smith is back in the case,
 2 | but now only appears for the four LLC defendants.
 3 | But what is perhaps more significant is the
 4 | transparent attempt to cloud the issues by Pattis &
 5 | Smith, for example, by listing the names of only three
 6 | of the four clients they represent when filing the
 7 | motion to take the deposition of Hillary Clinton and
 8 | then listing all four clients in the July 19, 2021
 9 | filing relating to the issue.  And by Attorney Wolman
10 | who then argued in his October 20, 2021 file that
11 | Infowars, LLC had no involvement in the motion for
12 | commission because their lawyer did not list their
13 | name on the motion.  It is simply improper under our
14 | rules of practice for an attorney to do so.
15 | Turning to the issue of the subsidiary ledgers.
16 | The five Jones defendants on November 6, 2020 filed
17 | with the Court their discovery objections relating to
18 | the deposition of Free Speech Systems' accounting
19 | manager and current employee, Melinda Flores.  In
20 | response to the plaintiff's request for subsidiary
21 | ledgers, the Jones defendants objected on the basis
22 | that the production of the subsidiary ledgers was
23 | oppressive, unduly burdensome, disproportionate,
24 | harassing and that it will require digging through
25 | eight years of accounting.  No objection was raised as
26 | to the term "subsidiary ledger", although parties
27 | frequently will object to a discovery request if they

6

consider it vague or confusing.

On April 29, 2021, the Court overruled the objection. On May 6, 2021, the Court ordered the deposition of Flores to take place on June 4, 2021 and ordered the documents to be produced by the close of business on May 14, 2021 stating that failure to comply may result in sanctions.

On May 14, 2021, the five Jones defendants responded to the document request and Court order and stating that the subsidiary ledgers were incorporated into the trial balances and had been produced.

At her June 4, 2021 deposition, Flores, the accounting manager, testified that subsidiary ledgers or detail was easily accessible and available to her. She testified that it would show the sources of advertising income and she testified repeatedly that Free Speech Systems maintained subsidiary ledger information. Flores did not believe she was obligated to produce the subsidiary ledgers, and it is unclear as to whether they have been produced.

It was impossible to reconcile the expert hired by Free Speech Systems with the November 6, 2020 objections filed with the Court and with Flores' deposition testimony. While the Jones defendants in their May 5th, 2021 motion state that Flores would be the best employee to identify and produce the requested documents and further state that Flores

would be compelled by Free Speech Systems to produce the requested documents at the deposition, the defendants hired expert, Mr. Roe, said that Flores was wrong and that Free Speech Systems doesn't use or have subsidiary ledgers.

The Court, in its August 6, 2021 order, found that the subsidiary ledger information was easily accessible by Flores by clicking on each general account, that, despite the Court orders and although the information exists and is maintained by Free Speech Systems and was required by the Court order to be produced, it had not been produced. And, again, it is still unclear as to what documents have been produced.

The Court rejected Roe's statements in his affidavit as not credible in light of the circumstances. The Court found that the plaintiffs were prejudiced in their ability to prosecute their claims and conduct further meaningful depositions and that sanctions would be addressed at a future hearing.

At the October, 2021 sanctions hearing, the Court addressed whether sanctions should enter. The Court finds that sanctions are, in fact, appropriate in light of the defendant's failure to fully and fairly comply with the plaintiff's discovery request and the Court's orders of April 29, 2021, May 6, 2021 and August 6, 2021.

1  Turning to the trial balances.  In addition to
2  objecting to the deposition of Flores, the Jones
3  defendants, as I mentioned, filed discovery objections
4  to the request for production directed to Flores.  The
5  Court ruled in favor of the defendants on one
6  production request and ruled in favor of the
7  plaintiffs with respect to others.
8  In addition to the subsidiary ledgers, the Court
9  ordered production of the trial balances.  Flores had
10 run trial balances in the past unrelated to this
11 action.  Flores testified at her June 4, 2021
12 deposition that she personally accessed Quick Books
13 and selected the option to generate trial balances for
14 2012 to 2019.  She testified that she ran the reports
15 and printed them out and believed that the reports
16 were produced.  Her testimony the reports that she ran
17 were produced was left uncorrected by counsel at the
18 deposition.
19 The reports were not produced by the
20 Court-ordered deadline of May 14, 2021.  They were not
21 produced at her June 4, 2021 deposition, and they have
22 not been produced to date, despite their obligation to
23 do so.
24 While the Jones defendants, in their May 5, 2021
25 Court filing, emphasized that Flores would be the best
26 employee to identify and produce the requested
27 documents which would include the trial balances and

1   that Flores would be compelled by Free Speech Systems
2   to produce the documents at her deposition, not only
3   were the reports not produced, but the Jones
4   defendants in their October 7, 2021 filing now claim
5   that Flores, a mere bookkeeper, provided flawed
6   information to the defendants that the defendants,
7   through Roe, had to correct.  And the Court rejects
8   that position.
9       The Jones defendants argue that Roe combined some
10  accounts that were not used consistently and
11  consolidated some general accounts because various
12  transactions all involved the same account and those
13  records created by the Jones defendants' outside
14  accountant were the records that were produced.  But
15  these records that removed accounts and consolidated
16  accounts altered the information in the reports that
17  their own accounting manager had produced, and they
18  contain trial balances that did not balance.  These
19  sanitized, inaccurate records created by Roe were
20  simply not responsive to the plaintiff's request or to
21  the Court's order.
22      Turning to the analytics.  The date for the
23  parties to exchange written discovery has passed after
24  numerous extensions by the Court.  On May 14, 2021,
25  the Court ordered that the defendants were obligated
26  to fully and fairly comply with the plaintiff's
27  earlier request for disclosure and production.

On June 1, 2021, the defendants filed an emergency motion for protective order apparently seeking protection from the Court's own order where the defendants again attempted to argue the scope of appropriate discovery.

The Court, on June 2, 2021, declined to do so and extended the deadline for final compliance to June 28, 2021 ordering the defendants to begin to comply immediately on a rolling basis.  In its June 2nd order, the Court warned that failure to comply would result in sanctions including default.

With respect to analytics, including Google Analytics and social media Analytics, the defendants on May 7, 2019 represented that they had provided all the analytics that they had.  They stated with respect to Google Analytics that they had access to Google Analytics reports, but did not regularly use them.  As the Court previously set forth in its September 30, 2021 order, the defendants also claim that on June 17, 2019, they informally emailed zip files containing Google Analytics reports to the plaintiffs, but not the codefendants, an email the plaintiffs state they did not receive and that the Court found would not have been in compliance with our rules of practice.

On June 28, 2021, the Jones defendants filed a notice of compliance stating that complete final supplemental compliance was made by the defendants,

1  Alex Jones and Free Speech Systems, LLC and that
2  Infowars, LLC, Infowars Health, LLC and Prison Planet,
3  LLC, quote:  Had previously produced all documents
4  required to be produced, end quote, representing that
5  with respect to the Google Analytics documents, Free
6  Speech Systems, LLC could not export the dataset and
7  that the only way they could comply was through the
8  sandbox approach.
9  Then on August 8, 2021, the Jones defendants for
10 the first time formally produced Excel spreadsheets
11 limited to Google Analytics apparently for Infowars
12 dot com and not for any of the other websites such as
13 Prison Planet TV or Infowars Health.  Importantly, the
14 Jones defendants to date have still not produced any
15 analytics data from any other platform such as Alexa,
16 Comcast or Criteo.
17 The Jones defendants production of the social
18 media analytics has similarly been insubstantial and
19 similarly has fallen far short both procedurally and
20 substantively, despite prior representations by the
21 Jones defendants that they had produced the social
22 media analytics and despite the May 25, 2021
23 deposition testimony of Louis Certucci, Free Speech
24 Systems social media manager for nearly a decade, that
25 there were no such documents.
26 At the June 28, 2021 deposition of Free Speech
27 Systems corporate designee Zimmerman, Mr. Zimmerman

testified that, in fact, he had obtained some responsive documents from Certucci which were then loaded into a deposition chat room by counsel for the Jones defendants. It appears that these documents were minimal summaries or reports for Facebook and Twitter, but not for other platforms used by the defendants such as You Tube.

Any claim of the defendants that the failure to produce these documents was inadvertent falls flat as there was no evidence submitted to the Court that the defendants had a reasonable procedure in place to compile responsive materials within their power, possession or knowledge.

Months later, on October 8, 2021, the Jones defendants formally produced six documents for the spring of 2017 for Facebook containing similar information to the Zimmerman chat room documents, but not included in the chat room documents and screen shots of posts by Free Speech Systems to an unidentified social media account with no analytics.

The defendants represented that they had produced all the analytics when they had not done so. They represented in court filings that they did not rely on social media analytics and this, too, is false.

I'm going to need to take a thirty second water break, please.

(A short break in the proceedings occurred.)

1   This response was false. The plaintiffs in
2   support of their motion for sanctions on the analytics
3   issue attached as exhibit D, an email dated December
4   15, 2014 between former Free Speech Systems business
5   manager Timothy Fruge and current Free Speech Systems
6   employee Buckley Hamman. Fruge attaches annotated
7   charts of detailed analytics concerning Jones' 2014
8   social media audience including gender demographics
9   engagement and social media sites that refer people to
10  Infowars dot com. As pointed out by the plaintiffs,
11  Fruge's annotations are even more telling than the
12  charts themselves and totally contradict the Jones
13  defendants misrepresentations to the Court that,
14  quote: There is no evidence to suggest that Mr. Jones
15  or Free Speech Systems ever used these analytics to
16  drive content, end quote.
17      The next image on the document shows key
18  indicators on Twitter. Those are engagement and
19  influence. Again, this is reading from Fruge's notes.
20  Again, the next image shows the key indicators on
21  Twitter. Those are engagement and influence. Notice
22  our influence is great and our engagement is low. I
23  bring this up -- again these are Fruge's notes --
24  because we should try and raise our engagement with
25  our audience. Engagement is how well we are
26  communicating and interacting with our audience. The
27  higher our engagement, the more valuable our audience

1  will become to our business.  And that is the end of
2  Fruge's notes.
3       I would note that regardless of this reliance on
4  social media analytics, the concept is simple.  The
5  defendants were ordered to produce the documents and
6  our law requires them to produce information within
7  their knowledge, possession or power.  Discovery is
8  not supposed to be a guessing game.  What the Jones
9  defendants have produced by way of analytics is not
10 even remotely full and fair compliance required under
11 our rules.
12      The Court finds that the Jones defendants have
13 withheld analytics and information that is critical to
14 the plaintiff's ability to conduct meaningful
15 discovery and to prosecute their claims.  This callous
16 disregard of their obligations to fully and fairly
17 comply with discovery and Court orders on its own
18 merits a default against the Jones defendants.
19      Neither the Court nor the parties can expect
20 perfection when it comes to the discovery process.
21 What is required, however, and what all parties are
22 entitled to is fundamental fairness that the other
23 side produces that information which is within their
24 knowledge, possession and power and that the other
25 side meet its continuing duty to disclose additional
26 or new material and amend prior compliance when it is
27 incorrect.

1  Here the Jones defendants were not just careless.
2  Their failure to produce critical documents, their
3  disregard for the discovery process and procedure and
4  for Court orders is a pattern of obstructive conduct
5  that interferes with the ability of the plaintiffs to
6  conduct meaningful discovery and prevents the
7  plaintiffs from properly prosecuting their claims.
8  The Court held off on scheduling this sanctions
9  hearing in the hopes that many of these problems would
10 be corrected and that the Jones defendants would
11 ultimately comply with their discovery obligations and
12 numerous Court orders, and they have not.
13 In addressing the sanctions that should enter
14 here, the Court is not punishing the defendants.  The
15 Court also recognizes that a sanction of default is
16 one of last resort.  This Court previously sanctioned
17 the defendants not by entering a default, but by a
18 lesser sanction, the preclusion of the defendant's
19 special motions to dismiss.  At this point entering
20 other lesser sanctions such as monetary sanctions, the
21 preclusion of evidence or the establishment of facts
22 is inadequate given the scope and extent of the
23 discovery material that the defendants have failed to
24 produce.
25 As pointed out by the plaintiffs, they are
26 attempting to conduct discovery on what the defendants
27 publish and the defendants' revenue.  And the failure

```
 1    of the defendants to produce the analytics impacts the
 2    ability of the plaintiffs to address what is published
 3    and the defendants failure to produce the financial
 4    records such as sub-ledgers and trial balances affects
 5    the ability of the plaintiffs to address the
 6    defendants' revenue.  The prejudice suffered by the
 7    plaintiffs, who had the right to conduct appropriate,
 8    meaningful discovery so they could prosecute their
 9    claims again, was caused by the Jones defendants
10    willful noncompliance, that is, the Jones defendants
11    failure to produce critical material information that
12    the plaintiff needed to prove their claims.
13           For these reasons, the Court is entering a
14    default against the defendants Alex Jones, Infowars,
15    LLC, Free Speech Systems, LLC, Infowars Health, LLC
16    and Prison Planet TV, LLC.  The case will proceed as a
17    hearing in damages as to the defendants.  The Court
18    notes Mr. Jones is sole controlling authority of all
19    the defendants, and that the defendants filed motions
20    and signed off on their discovery issues jointly.  And
21    all the defendants have failed to fully and fairly
22    comply with their discovery obligations.
23           As I said, I will order a copy of the transcript.
24    I will sign it and I will file it in the Court as the
25    Court's order.
26                              _____
27                                       Bellis, J.
```

```
                                                              17
1   X06 UWY CV18-6046436-S     :   SUPERIOR COURT.
2   ERICA LAFFERTY, ET AL      :   JUDICIAL DISTRICT OF WATERBURY
3   V                          :   AT WATERBURY, CONNECTICUT
4   ALEX EMRIC JONES, ET AL    :   NOVEMBER 15, 2021
5   ----------------------------------------------------------
6   X06 UWY CV18-6046437-S     :   SUPERIOR COURT
7   WILLIAM SHERLACH, ET AL    :   JUDICIAL DISTRICT OF WATERBURY
8   V                          :   AT WATERBURY, CONNECTICUT
9   ALEX EMRIC JONES, ET AL    :   NOVEMBER 15, 2021
10  ----------------------------------------------------------
11  X06 UWY CV18-6046438-S     :   SUPERIOR COURT
12  WILLIAM SHERLACH, ET AL    :   JUDICIAL DISTRICT OF WATERBURY
13  V                          :   AT WATERBURY, CONNECTICUT
14  ALEX EMRIC JONES, ET AL    :   NOVEMBER 15, 2021
```

C E R T I F I C A T I O N

I hereby certify the foregoing pages are a true and correct transcription of the audio recording of the above-referenced case, heard in the Superior Court, Judicial District of Waterbury, at Waterbury, Connecticut, before the Honorable Barbara N. Bellis, Judge, on the 15th day of November, 2021.

Dated this 15th day of November, 2021, in Waterbury, Connecticut.

_____
Patricia Sabol
Court Monitor