Filed in The District Court
of Travis County, Texas

AR  OCT 27 2021
At  4:30  PM
Velva L. Price, District Clerk

D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER | § | |
| *Defendants* | § | 261st DISTRICT COURT |

## AMENDED ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND 2nd MOTION FOR CONTEMPT

On this day, the Court considered Plaintiff's Motion for Default Judgment and Plaintiff's 2nd Motion for Contempt. The Court finds that both Motions should be granted.

### BACKGROUND

**I. Discovery Order in Mr. Heslin's Defamation Claim**

On August 31, 2018, this Court ordered Defendants to respond to court-approved discovery requests and appear for depositions. Defendants refused to respond. After Plaintiff filed a Motion for Contempt, Defendants initiated an appeal. The premature appeal was dismissed for lack of jurisdiction. Upon remand to this Court in the fall of 2019, InfoWars again refused to respond. On October 18, 2019, this Court granted Plaintiff's Motion for Contempt and assessed sanctions while also making certain findings which affected Defendants' TCPA motion.

1

Defendants then appealed the Court's ruling on the TCPA motion, but they did not appeal the contempt order or the discovery order. Following remand on June 4, 2021, Defendants took no action to comply with the August 31, 2018 discovery order, or any of the Court's other discovery orders, for over a month. Plaintiff then filed his 2nd Motion for Contempt under Rule 215 on July 6, 2021. Even after that motion was filed, Defendants continued to withhold discovery through July and August.

On August 26, 2021, a few days before the hearing on this matter, Defendants provided some additional documents to Mr. Heslin, but it is clear these documents do not satisfy Defendants' outstanding obligations to the August 31, 2018 discovery order. In addition, Defendants never served responses to the court-ordered discovery requests. Nor did Defendants ever make efforts for a deposition of Mr. Jones, Mr. Shroyer, or the two corporate defendants as required by the discovery order.

## II.  Discovery Order in Mr. Heslin's IIED Claim

On October 18, 2019, this Court ordered expedited discovery in Mr. Heslin's IIED claim, including written discovery and depositions. Defendants failed to comply with the order in numerous respects. On December 20, 2019, the Court assessed sanctions and held the Defendants in contempt for intentionally disobeying the order. At that time, the Court took under advisement all additional remedies based on representations by Defendants that discovery would be promptly supplemented during the appellate stay. As the Court stated in its prior order, the amount of supplemental discovery would be a factor when revisiting sanctions upon remand.

Despite their promises, Defendants failed to supplement any discovery following the 2019 hearing and prior to remand. Defendants also failed to supplement any discovery for nearly three months following remand in June 2021.

On August 26, 2021, a few days before the hearing on this matter, Defendants provided some additional documents to Mr. Heslin, but it is clear these documents do not satisfy Defendants' outstanding obligations to the October 18, 2019 discovery order. In addition, Defendants did not provide any supplemental discovery responses, nor did Defendants make efforts for a corporate representative deposition to cure their non-appearance. Nor have the Defendants fully and fairly responded to the discovery requests at issue.

## FINDINGS

The Court now finds that a default judgment on liability should be granted. The Court finds that Defendants' discovery conduct in this case has shown flagrant bad faith and callous disregard for the responsibilities of discovery under the rules. The Court finds Defendants' conduct is greatly aggravated by the consistent pattern of discovery abuse throughout the other Sandy Hook cases pending before this Court. Prior to the discovery abuse in this case, Defendants also violated this Court's discovery orders in *Lewis v. Jones, et al.* (D-1-GN-18-006623). After next violating the discovery orders in this case, Defendants also failed to timely answer discovery in *Pozner v. Jones, et al.* (D-1-GN-18-001842), another Sandy Hook lawsuit, as well as *Fontaine v. InfoWars, LLC, et al.* (D-1-GN-18-1605), a similar lawsuit involving

Defendants' publications about the Stoneman Douglas High School shooting. The Court also notes that Defendants have repeatedly violated discovery orders in *Lafferty v. Jones,* a similar defamation lawsuit brought by a different set of Sandy Hook parents in the Superior Court of Connecticut. In sum, Defendants have been engaged in pervasive and persistent obstruction of the discovery process in general. The Court is also faced with Defendants' refusal to produce critical evidence. Defendants have shown a deliberate, contumacious, and unwarranted disregard for this Court's authority. Based on the record before it, this Court finds that Defendants' egregious discovery abuse justifies a presumption that its defenses lack merit.

In reaching its decision, this Court has considered lesser remedies before imposing sanctions that preclude Defendants' ability to present the merits of their liability defense. However, the Court has more than a sufficient record to conclude that an escalating series of judicial admonishments, monetary penalties, and non-dispositive sanctions have all been ineffective at deterring the abuse. This Court rejects lesser sanctions because they have proven ineffective when previously ordered. They would also benefit Defendants and increase the costs to Plaintiffs, and they would not adequately serve to correct the Defendants' persistent discovery abuses. Furthermore, in considering whether lesser remedies would be effective, this Court has also considered Defendants' general bad faith approach to litigation, Mr. Jones' public threats, and Mr. Jones' professed belief that these proceedings are "show trials."

It is clear to the Court that discovery misconduct is properly attributable to the client and not the attorney, especially since Defendants have been represented by seven attorneys over the course of the suit. Regardless of the attorney, Defendants' discovery abuse remained consistent.

It is accordingly ORDERED that a default judgment be entered against Defendants with respect to liability in this lawsuit.

It is further ORDERED that Defendants shall pay reasonable attorney's fees incurred in connection with Plaintiffs' 2nd Motion to Compel and Plaintiff's Supplemental Brief in Support of Default Judgment.

Dated October 24, 2021.

Hon. Maya Guerra Gamble