Filed in The District Court
of Travis County, Texas
AR APR 01 2022
At 3:00 P.M.
Velva L. Price, District Clerk

D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN and<br>SCARLETT LEWIS | §<br>§<br>§ | IN DISTRICT COURT OF<br><br>TRAVIS COUNTY, TEXAS |
| VS. | §<br>§ | <br>261st DISTRICT COURT |
| ALEX E. JONES, INFOWARS, LLC,<br>FREE SPEECH SYSTEMS, LLC, and<br>OWEN SHROYER | §<br>§<br>§ | |

D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND<br>VERONIQUE DE LA ROSA | §<br>§<br>§ | IN DISTRICT COURT OF<br><br>TRAVIS COUNTY, TEXAS |
| VS. | §<br>§ | <br>345th DISTRICT COURT |
| ALEX E. JONES, INFOWARS, LLC,<br>and FREE SPEECH SYSTEMS, LLC | §<br>§ | |

## ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS REGARDING CORPORATE DEPOSTION

On this day, the Court considered Plaintiffs' Motion for Sanctions Regarding Corporate Deposition. For the reasons below, the Court finds that the Motion should be granted.

### BACKGROUND

Defendants' pattern egregious discovery abuse is well-detailed in the many prior orders of this Court,[1] but a brief history of Plaintiffs' attempts to take a corporate deposition is as follows:

---

[1] In addition to discovery abuse in these cases, the Court has considered Defendants' consistent pattern of bad faith litigation tactics and discovery abuse in other cases and courts. First, as described

1

On August 31, 2018, the Court ordered Defendants to appear for depositions in Mr. Heslin's defamation claim (D-1-GN-18-001835). Defendants refused to appear for the depositions or respond to written discovery. After Plaintiff filed a Motion for Sanctions, Defendants initiated an appeal.

On January 25, 2019, this Court ordered Defendants to respond to court-approved discovery requests and appear for depositions in Ms. Lewis' IIED case (D-1-GN-18-006623). Defendants presented Rob Dew as a corporate designee, who was unable to give any testimony. The Court chastised "the failure of the defendants to present an InfoWars corporate representative who has a clue about InfoWars as a corporation," noting that "it was a pretty meaningless deposition." Defendants agreed to stipulate to Plaintiff's petition for the purposes of the TCPA motion and voluntarily pay $8,100 in attorney's fees to avoid sanctions at that time.

Following the events in *Lewis,* the premature appeal in Mr. Heslin's defamation case was dismissed for lack of jurisdiction. Upon remand to this Court in the fall of 2019, InfoWars again refused to respond or appear for deposition. On October 18, 2019, this Court assessed

---

in this Court's prior orders, InfoWars has also committed discovery abuse in *Fontaine v. InfoWars, LLC, et al.* (D-1-GN-18-1605). In that case, InfoWars failed to timely answer written discovery. After InfoWars provided untimely and evasive responses, Mr. Fontaine was forced to bring a motion to compel InfoWars' compliance, for which this Court awarded sanctions and attorney's fees on September 15, 2021. The Court also notes that Defendants have repeatedly violated discovery orders in *Lafferty v. Jones,* a similar lawsuit brought after the instant cases by a different set of Sandy Hook parents in the Superior Court of Connecticut, ultimately resulting in a default judgment on liability several weeks after this Court's entry of default judgment. The Court further notes that Defendants have been sanctioned by the Texas Court of Appeals for bringing a frivolous appeal in Mr. Heslin's case. Finally, as noted in the Court's default judgment order, Mr. Jones has publicly declared that he considers these lawsuits to be a "show trial," showing clear signs that Defendants' discovery violations are the result of bad faith. Mr. Jones' recent deposition confirmed these signs, during which Mr. Jones testified about his indifference to his discovery obligations.

2

sanctions of $25,875, while also ruling that Plaintiff's burdens were taken as established for the purposes of the TCPA motion.

On October 18, 2019, this Court ordered Defendants to appear for deposition in Mr. Heslin's IIED case (D-1-GN-18-004651).[2] Again, Rob Dew was produced as the corporate designee. Again, Mr. Dew had not been prepared and was unable to offer any meaningful testimony. On December 20, 2019, the Court assessed sanctions totaling $100,000 and held the Defendants in contempt for intentionally disobeying the order. At that time, the Court held a default judgment under advisement based on representations by Defendants that discovery would be promptly supplemented during the appellate stay.

All the cases were remanded in June 2021. Defendants had not taken any steps to address the discovery situation during the appeal, and for the next three months following remand, Defendants ignored Plaintiffs' demands for compliance. On September 27, 2021, this Court issued a default judgment on liability and awarded attorney's fees of $45,925.

### THE DECEMBER 3, 2021 CORPORATE DEPOSITION

Following the default judgment, Plaintiffs again sought the Defendants' depositions to secure testimony relevant to the trial on compensatory and punitive damages. Defendants produced Daria Karpova for the deposition. The transcript of Ms. Karpova's deposition shows that she was not prepared to discuss any of the eight topics for which she had been designated. Her testimony as a whole demonstrated profound disrespect for the discovery process. Ms. Karpova's lack of preparation was flagrant and egregious, especially given the repeated refusal to prepare a designee.

---

[2] Subsequently consolidated with D-1-GN-18-001835.

On January 14, 2022, the Court heard argument on Plaintiffs' Motion for Sanctions concerning Ms. Karpova's deposition. The Court granted the Motion, awarded costs, and ordered the Defendants to appear one more time. The Court provided detailed instructions for preparing the designee(s).

## THE FEBRUARY 2022 CORPORATE DEPOSITION

On February 14-15, 2022, Defendants presented Brittany Paz as the designee in both the Sandy Hook and Fontaine cases. A review of the deposition transcript shows that Defendants flagrantly disobeyed the Court's order in preparing Ms. Paz. As a result, she was unable to give adequate testimony on any of the topics. Plaintiffs have now faced five non-appearances at corporate depositions on the issues at the heart of their claims despite every remedial action taken the Court, including the severe sanction of default and over $200,000 in cumulative attorney's fees.

## FINDINGS

The Court finds that Defendants have intentionally thwarted the legitimate discovery process in these cases. The egregiousness and repetitiveness of Defendants' obstruction exhibits a disregard for and disrespect of the integrity of this Court and our judicial system. Plaintiffs' discovery of facts necessary to properly present their claim for damages has been irreparably prejudiced in virtually all respects. Absent severe action from this Court, Defendants will ultimately profit from their sabotage of the discovery process.

The Court therefore ORDERS that:

1. Pursuant to Rule 215(b)(1), the Court disallows any further discovery by Defendants. Any obligation of the Plaintiffs to respond to any pending discovery is terminated.

2. Pursuant to Rule 215(b)(2), the Court orders that Defendants shall pay all of the expenses of discovery and taxable court costs in these lawsuits. Plaintiffs shall submit evidence setting forth any court costs, expenses, or attorney's fees relating to discovery or discovery motions, excepting those amounts which were already awarded in any prior order of the Court. Defendants may object to the amount within seven days after Plaintiff's filing.

3. Pursuant to Rule 215(b)(3), the Court orders that designated facts shall be taken to be established for the purposes of the action. Specifically, the jury will be instructed that any factual dispute relating to the following topics shall be taken as established in favor the Plaintiffs:

- Sourcing and research for the videos described in Plaintiffs' petitions.
- Individuals involved in the production of the videos described in Plaintiffs' petitions.
- Internal editorial discussions regarding InfoWars' coverage of the Sandy Hook Elementary School shooting.
- The company's knowledge of the Plaintiffs.
- The audience reach of the videos described in Plaintiffs' petitions.
- The documents produced by the company in response to Plaintiffs' discovery requests.
- Efforts made by the company to preserve potential evidence.
- The company's business structure and relationship with other parties.

Dated April 1, 2021.

Hon. Maya Guerra Gamble

5