UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re: | Case No. 22-60020 |
| INFOW, LLC, *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' PRELIMINARY OBJECTION TO CONNECTICUT PLAINTIFF'S EMERGENCY MOTION TO DISMISS CHAPTER 11 CASES AND OBJECTION TO DEBTORS' DESIGNATION AS SUBCHAPTER V SMALL VENDORS**

**[Relates to ECF No. 36]**.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

InfoW, LLC ("InfoW"), IWHealth, LLC ("IW Health"), and Prison Planet TV, LLC ("Prison Planet TV" and together with InfoW and IW Health, the "Debtors"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases file this *Preliminary Objection to Connecticut Plaintiff's Emergency Motion to Dismiss Chapter 11 Cases and Objection to Debtor's Designation as Subchapter V Small Vendors* (sic) (the "Objection"). In support of this Objection, the Debtors respectfully state as follows:

**RELIEF REQUESTED**

1. With this Objection, the Debtors seek entry of an order, substantially in the form attached hereto, requesting denial of the emergency consideration of the *Connecticut Plaintiffs' Motion to Dismiss Chapter 11 Cases and Objection to Debtors' Designation as Subchapter V Small Vendors* (sic) [ECF No. 36] (the "Emergency Motion").

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

**FACTUAL BACKGROUND**

2. At approximately 6 p.m. on Tuesday, April 26, 2022, the Connecticut Plaintiffs'[2] filed the Emergency Motion. Connecticut Plaintiffs' counsel did contact the undersigned attorney at approximately 5:00 P.M. to ask whether the Debtors opposed the emergency motion and the relief requested. After review of the Emergency Motion, the undersigned attorney replied that the Debtors opposed the Emergency Motion and relief requested.

3. The Emergency Motion is captioned as an "Emergency" and the first page requests in bold "**Relief is requested no later than Friday, April 29, 2022 at 3:00 p.m.**"

4. Page 2 sets out the basis of the purported emergency. Rather than trying to recharacterize their argument, the emergency declared by the Connecticut Plaintiffs is set out below:

**I.    REQUEST FOR EMERGENCY CONSIDERATION**

1. Emergency consideration of this Motion is sought due to the relief initially requested by the Debtors related to non-debtor insiders and the delay and expense that will be suffered given that one trial date has already been lost, and others may be in jeopardy if the Movants are not allowed to proceed to liquidate their claims by jury trial. The litigation underlying these bankruptcy filings has been going on for several years, and just as Movants were preparing their cases for trial to liquidate the amounts owed to them, these bankruptcy filings of three non-operating entities seeking relief for Jones and FSS was filed in a locale where none of the Debtors had any connection, other than by case law that allows a legal entity to claim an entire state as its domicile.

2. The consideration of the emergency relief requested by Debtors should not proceed until the issues raised herein are considered, since if either the cases do not qualify for subchapter V or they are dismissed for bad faith, consideration of the Debtors' requested relief will be mooted. Further to the point, Movants' objections to the relief requested by Debtors in large part dovetails with the arguments and evidence that support the underlying motion. If the Court does not want to consider the relief herein on an emergency basis, it should at least be considered when and if Debtors proceed with their emergency motions.

---

[2] The group of plaintiffs being referred to as the Connecticut Plaintiffs consist of: David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker.

## ANY EMERGENCY RELIEF RELATING TO DISMISSAL OF BANKRUPTCY CASES OR ALLEGED IMPROPER DESIGNATION SHOULD BE DENIED

A. **Statutory Construction and Due Process Requires that Debtors Be Provided 21 Days' Notice as Required by Bankruptcy Rule 2002(a)(4)**

5. Federal Rule of Bankruptcy Procedure provides that motions must typically be served at least seven days before the scheduled hearing date and any responses must be served at least one day before the hearing date unless the Bankruptcy Rules provide otherwise.

6. The Bankruptcy Rules provide "otherwise" for dismissal of Chapter 11 cases. Notice of a hearing on a motion to dismiss a chapter 11 case must be given at least 21 days before the hearing. Fed. R. Bankr. P. 2002(a)(4).

7. Federal Rule of Bankruptcy Procedure 2002(a) provides:

a) **Twenty-One-Day Notices to Parties in Interest**. Except as provided in subdivisions (h), (i), (l), (p), and (q) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of:

(1) the meeting of creditors under §341 or §1104(b) of the Code, which notice, <u>unless the court orders otherwise,</u> shall include the debtor's employer identification number, social security number, and any other federal taxpayer identification number;

(2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, *unless the court for cause shown shortens the time or directs another method of giving notice;*

(3) the hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d), *unless the court for cause shown directs that notice not be sent;*

(4) in a chapter 7 liquidation, a chapter 11 reorganization case, or a chapter 12 family farmer debt adjustment case, the hearing on the dismissal of the case or the conversion of the case to another chapter, unless the hearing is under §707(a)(3) or §707(b) or is on dismissal of the case for failure to pay the filing fee;

(5) the time fixed to accept or reject a proposed modification of a plan;

(6) a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000;

(7) the time fixed for filing proofs of claims pursuant to Rule 3003(c);

       (8) the time fixed for filing objections and the hearing to consider confirmation of a chapter 12 plan; and

       (9) the time fixed for filing objections to confirmation of a chapter 13 plan.

(Emphasis added).

8.    Canons of statutory construction suggests that the 21 days' notice required under Bankruptcy Rule 2002(a)(4) may not be reduced. Bankruptcy Rules 2002(a)(1) through (3) contain "for cause" clauses allowing the court to reduce the 21 days' notice period.

9.    On the other hand, Bankruptcy Rules 2002(a)(4) through (a)(9) do not contain a "for cause" clause allowing for judicial reduction of the 21 days' notice period.

10.    While some courts have held that motions to dismiss may be expedited under Bankruptcy Rule 9006(c)(1), the reduced notice must comport with due process. *See, e.g., In re Haffey*, 576 B.R. 540, 548 (B.A.P. 6th Cir. 2017) (holding notice of a hearing involving dismissal of a chapter 12 case sent two days prior to a hearing was not sufficient to satisfy due process); *In re Bartle*, 560 F.3d 724, 729 (7th Cir. 2009) (holding that courts can expedite a motion to dismiss, the debtor was "deprived of an adequate opportunity to respond to the government's motion to dismiss the case"); *cf. In re Sunflower Racing, Inc.*, 226 B.R. 665, 671 (D. Kan. 1998) (holding that shortening the notice period for a hearing on a conversion to chapter 7 held on seven days' notice comported with due process where (1) counsel for a creditor group would be unavailable for a period of 14 days, (2) all of the necessary information to decide the motion was in the record after multiple proposed plans of reorganization, and (3) the best interests of the public and creditors would be served by moving the case forward).

11.    Here, the Connecticut Plaintiffs filed their Emergency Motion less than 72 hours before the time that they seek a hearing. A hearing on the requested timeframe does not comport with due process.

Case 22-60043    Document    Filed in TXSB on 04/27/22    Page 5 of 8

B.  **Connecticut Plaintiffs Admit There is No Emergency**

12. Merriam-Webster defines an "emergency" as "an unforeseen combination of circumstances or the resulting state that calls for immediate action".

13. Dictionary.com defines an emergency as "1. a sudden, urgent, usually unexpected occurrence or occasion requiring immediate action. 2. a state, especially of need for help or relief, created by some unexpected event: *a weather emergency; a financial emergency.*

14. The Connecticut Plaintiffs state the emergency in paragraph 1 of the Emergency Motion as follows:

> "The litigation underlying these bankruptcy filings has been going on for several years, and just as *Movants were preparing their cases for trial* to liquidate the amounts owed to them . . ." (emphasis added).

15. But as described later in the Emergency Motion:

> *"*Jones, FSS, and all three Debtors are set to go to trial in Connecticut in *August."* Emergency Motion ¶ 4. (emphasis added). These chapter 11 cases were filed "months before trial in the Connecticut Litigation." Emergency Motion ¶ 31.

16. There is no emergency that justifies a hearing on the Emergency Motion on less than 72 hours' notice.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that this Court enter an order substantially in the form attached to this Objection granting the relief requested in this Objection and grant the Debtors such other and further relief as may be just and proper.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

5

|  |  |
|---|---|
| Dated: April 27, 2022. | **PARKINS LEE & RUBIO LLP**<br><br>*/s/Kyung S. Lee*<br>Kyung S. Lee<br>TX Bar No. 12128400<br>R.J. Shannon<br>TX Bar No. 24108062<br>Pennzoil Place<br>700 Milam Street, Suite 1300<br>Houston, TX 77002<br>Email: klee@parkinslee.com<br>        rshannon@parkinslee.com<br>Phone: 713-715-1660<br>Fax:    713-715-1699<br><br>*Proposed Counsel to the Debtors and Debtors-in-Possession* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served (a) by the Court's CM/ECF system by all parties registered to receive such notice and (b) by email on the following parties within 24 hours of the filing:

Kaster Lynch Farrar & Ball, LLP
Attn: Mark Bankson, William Ogden
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Koskoff & Bieder
Attn: Alinor C. Sterlin, Christopher Mattei, Matthew Blumenthal
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Fertitta & Reynal LLP
Attn: F. Andino Reynal
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Pattis & Smith, LLC
Attn: Cameron L. Atkinson
383 Orange Street
New Haven, CT 06511
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

Zeisler & Zeisler P.C.
Attn: Eric Henzy
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Jordan & Ortiz, P.C.
Attn: Shelby Jordan
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Law Office of Ray Battaglia, PLLC
Attn: Ray Battaglia
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

McDowell Heterhington LLP
Attn: Avi Moshenberg, Nick Lawson, Matthew Caldwell
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
matthew.caldwell@mhllp.com

The Akers Law Firm PLLC
Attn: Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Copycat Legal PLLC
Attn: Daniel DeSouza
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Richard S. Schmidt
615 Leopard, #635
Corpus Christi, TX 78401
rss@judgerss.com

Russell F. Nelms
115 Kay Lane
Westworth Village, TX 76114
rfargar@yahoo.com

Attn: W. Marc Schwartz
Schwartz Associates
712 Main Street, Ste. 1830
Houston, TX 77002
MSchwartz@schwartzassociates.us

Matthew Okin
Okin Adams LLP
1113 Vine St., Ste. 240
Houston, TX 77002
mokin@okinadams.com

Office of the United States Trustee
Attn: Ha Minh Nguyen, Jayson Ruff
515 Rusk St
Ste 3516
Houston, TX 77002
ha.nguyen@usdoj.gov
jayson.b.ruff@usdoj.gov

Melissa Haselden
700 Milam, Suite 1300
Houston, TX 77002
mhaselden@haseldenfarrow.com

Cain & Skarnulis, PLLC
Attn: Ryan E. Chapple
303 Colorado St., Ste. 2850
Austin, TX 78701
rchapple@cstrial.com

Byman & Associates PLLC
Randy W. Williams
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

J. Maxwell Beatty
The Beatty Law Firm PC
1127 Eldridge Pkwy, Ste. 300, #383
Houston, TX 77077
max@beattypc.com

Walston Bowlin Callendar, PLLC
Attn: Cliff Walston
San Felipe Street, Suite 300
Houston, TX 77027
cliff@wbctrial.com

*/s/ R. J. Shannon*
R. J. Shannon