**<u>EXHIBIT A</u>**

**Amended and Restated Declaration of Trust**

# FIRST AMENDED AND RESTATED

# DECLARATION OF TRUST

# FOR THE

# 2022 Litigation Settlement Trust

---

BY AND AMONG

**DEBTORS:**
**INFOW, L.L.C., IWHEALTH, L.L.C. AND**
**PRISON PLANET TV, L.L.C.**

AND

**THIRD-PARTY FUNDING CONTRIBUTORS**

AND

**The 2022 LITIGATION SETTLEMENT TRUSTEES**
**(AS NAMED HEREIN AND FROM**
**TIME TOTIME)**

Dated as of April 28, 2022

# DECLARATION OF TRUST

This First Amended and Restated Declaration of Trust (this "Amendment")[1] governing the 2022 Litigation Settlement Trust (the "Litigation Settlement Trust" or the "Trust")[2] dated as of April 28, 2022 (the "Amendment Date"), is entered into by and among the

  i.  Debtors InfoW, LLC (formerly known as Inforwars, Inc.), IWHealth, LLC (formerly known as Infowars Health, LLC) and Prison Planet TV, LLC ("PPTV") (IWI, IWHealth and PPTV collectively the "Debtors");

  ii.  Richard S. Schmidt and Russell F. Nelms, as successor trustees (the "Litigation Settlement Trustees"); and

  iii.  Alex Jones and Free Speech Systems, LLC (the "Third-Party Funding Contributor[s]").

## W I T N E S S E T H

WHEREAS the Litigation Settlement Trust was established and settled pursuant to that Declaration of Trust (the "Declaration," and, collectively with the Amendment, the "Agreement") dated April 14, 2022 (the "Trust Settlement Date"), executed by and among the Debtors, Robert Dew, as the initial trustee (the "Initial Trustee"), and the Third-Party Funding Contributor[s]; and

WHEREAS, on April 18, 2022 (the "Petition Date") each of the Debtors filed voluntary petitions for relief chapter 11, subchapter v, of title 11 of the United States Code (the "Bankruptcy Code"), commencing jointly administered cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court"); and

WHEREAS the Litigation Settlement Trust was established to facilitate the administration of the Chapter 11 Cases as directed by the Litigation Settlement Trustees and to pursue confirmation of a chapter 11 plan of reorganization in accordance with the terms of the PSA; and

WHEREAS the Debtors and the Third-Party Funding Contributor[s] desire the appointment of the Litigation Settlement Trustees as successors to the Initial Trustee[3];

---

[1] Capitalized terms used in this Agreement and not otherwise defined herein shall have the respective meanings ascribed to them in the Glossary of Defined Terms (attached hereto as Exhibit "A") or in that Plan Support Agreement, by and between the Debtors and the Third-Party Funding Contributor[s] (as may be amended from time to time, the "PSA").

[2] The Trust's federal tax ID # references the full name of the Trust as the "2022 FSS Litigation Settlement Trust" but is often referred to as the 2022 Litigation Settlement Trust, LST or simply "Trust" in various filings and related documents.

[3] Individually, each of the Litigation Settlement Trustees and the Initial Trustee may be referred to herein as a "Trustee" and collectively with any successor trustees may be referred to as the "Trustees."

WHEREAS the Litigation Settlement Trustees require certain amendments and revisions to the terms of the Declaration as set forth herein in this Amendment as a condition of their willingness to serve as trustees of the Litigation Settlement Trust; and

WHEREAS all other Parties to the Litigation Settlement Trust have approved the amendments;

NOW, THEREFORE, pursuant to Article 10.1(a) of the Declaration, the Debtors, the Third-Party Funding Contributor[s] (herein sometimes the "Settlors"), the Initial Trustee and the Litigation Settlement Trustees agree to this amended and restated declaration of trust as follows:

## ARTICLE 1
## ESTABLISHMENT OF THE LITIGATION SETTLEMENT TRUST

1.1     Declaration of Trust.  Pursuant to the Declaration, the Debtors and the Third-Party Funding Contributor[s] established the Litigation Settlement Trust, which shall be known as the "2022 Litigation Settlement Trust" on behalf of the Debtors' Estates[4] and the Estates' creditors the "Litigation Settlement Trust Beneficiaries" or "Beneficiaries") and the Litigation Settlement Trustees, as successors to the Initial Trustee, hereby accept such rights and properties assigned and transferred to them and the trust imposed upon them pursuant to this Agreement.

1.2     Litigation Settlement Trust Assets.

(a)     As of the Trust Settlement Date, the Third-Party Funding Contributor[s], in accordance with the Declaration, transferred, assigned, and delivered to the Initial Trustee, for the benefit of the Litigation Settlement Trust Beneficiaries, and the Initial Trustee has accepted the following assets (the "Assets"):

(i)     all of the ownership rights, title, and voting rights in and to the Debtors, provided that, subject to such assignment, Alex Jones, his affiliate Free Speech Systems, LLC, their agents, or anyone in any way related or affiliated to or related to them are barred and excluded from any active, direct or indirect control or participation in the management of any Debtor;

(ii)     the "Litigation-Settlement Expense Fund" of not less than an aggregate of $725,000.00 in cash, some of which has already been paid, designated to pay the costs of administration, including the Debtors' professionals, the Initial Trustee and the Litigation Settlement Trustees, and retention by the Trustees of all professionals deemed necessary to accomplish the purpose of this trust, including costs and expenses of the Chapter 11 Cases (as set forth on Exhibit B to the Declaration); and

---

[4] As used herein, "Estate(s)" shall refer to the estate created upon the commencement of the Chapter 11 Cases pursuant to and as defined in § 541 of the Bankruptcy Code.

(iii)     the "<u>Funding Commitment</u>," pursuant to which, the Third-Party Funding Contributor[s] shall advance such funds as are necessary to fund the payment of the costs of administration of the Trust and the Chapter 11 Cases for a period of not less than 120 days, provided, however, that such Funding Commitment shall be subject to and limited by the terms and conditions set forth in the PSA.

(b)     Notwithstanding any provision of the Declaration to the contrary, all assets of the Debtors shall be deemed property of the Estates subject to entry of any final order of the Bankruptcy Court authorizing the sale, transfer, or other disposition of such assets, including but, not limited to, any order confirming a plan of reorganization providing for the vesting of such assets with the Litigation Settlement Trust or such other trust as may be established pursuant to such Plan.[5]  Further, the Litigation-Settlement Expense Fund and all the subsequent Funding Commitment shall be property of the Debtors' Estates to the extent such funds are budgeted by the Litigation Settlement Trustees in consultation with the Debtors' CRO for the costs of the administration of the Chapter 11 Cases including all professional fees incurred by the Debtors.

(c)     On or as promptly as practicable after entry of the Trustee Order (defined herein) the Debtors shall (i) deliver or cause to be delivered to the Litigation Settlement Trustees any and all documents (or copies thereof) to the extent relating to the Litigation Settlement Trust Claims held by the Debtors, their employees, agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors and (ii) provide reasonable access to the Litigation Settlement Trustees and their advisors to such employees of the Debtors, their agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors with knowledge of matters relevant to the Litigation Settlement Trust Claims for the purpose of enabling the Litigation Settlement Trustees to fulfill their obligations under this Agreement, including the liquidation of the Litigation Settlement Trust Claims.  The Debtors shall further facilitate access to the Litigation Settlement Trustees and their advisors to the employees, books and records of the Third-Party Funding Contributor[s] in connection with the obligations of the Litigation Settlement Trustees under this Agreement, including the settlement or defense and liquidation of the Litigation Settlement Trust Claims. All such information, disclosures, and documents shall be held in the utmost confidence, subject to a written confidentiality agreement approved by the bankruptcy court from time to time.

(d)     Upon execution of the Declaration, the Third-Party Funding Contributor[s] assigned to the Initial Trustee all governance rights as to each Debtor, which assignment of the governance excludes Alex Jones and his affiliate Free Speech Systems, LLC from any active, direct or indirect control or participation in the management of the Debtors.  As part of the assignment of governance, the Litigation Settlement Trustees, as successors to the Initial Trustee, shall be permitted to file any further Title 11 case the Litigation Settlement Trustees deem advisable or proper from time to time (other than any involuntary case against any Third-Party Funding Contributor) and to prosecute these Chapter 11 Cases as the sole and exclusive governing body of the Debtors.

---

[5] As used herein, the term "<u>Plan</u>" shall refer to any chapter 11 plan of reorganization or liquidation, as the case may be, proposed by the Debtors and confirmed in the Chapter 11 Cases by final order of the Bankruptcy Court.

(e)     At any time and from time to time on and after the Trust Settlement Date, the Debtors and the Third-Party Funding Contributor[s] agree (i) at the reasonable request of the Litigation Settlement Trustees to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed) and (ii) to take, or cause to be taken, all such further actions as the Litigation Settlement Trustees may reasonably request, in each case, in order to evidence or effectuate the transfer of the Assets to the Litigation Settlement Trustees and to otherwise carry out the intent of the Agreement.

(f)     All property, cash and rights described in this Section 1.2 as property of the Litigation Settlement Trust are collectively referred to herein as the "Assets." Upon the transfer of any cash assets to the Litigation Settlement Trust, the Third-Party Funding Contributors shall have no interest in or obligation with respect to such assets.  Notwithstanding any provision of this Agreement except Section 2.2 and Section 4.1(b), upon deposit and receipt of fund from the Third-Party Funding Contributors, in no event shall any such funds be returned to any Third-Party Funding Contributor(s).

1.3     Funding of the Litigation Settlement Trust.

(a)     All costs and expenses associated with administration of the Litigation Settlement Trust and all costs and expenses of administration of the Debtors' operations and the Chapter 11 Cases shall paid by the Litigation Settlement Trustees and the Debtors, respectively, from the Litigation-Settlement Expense Fund and subsequent Funding Commitment payments pursuant to a budget established by the Litigation Settlement Trustees in consultation with the Debtors' CRO.

(b)     In accordance with this Agreement and the Funding Commitment, and subject to the terms and conditions of the PSA, the Third-Party Funding Contributor[s] shall from time to time hereafter deliver additional Cash to the Litigation-Settlement Expense Fund to the extent requested by the Litigation Settlement Trustees.  Specifically, from the Petition Date until the earlier of (x) 120 days after the Petition Date, or (y) the effective date of any Plan, the Third-Party Funding Contributor[s] shall contribute such funding as is necessary to maintain a cash balance of $200,000.00 in the Litigation-Settlement Expense Fund.  Such additional funding shall be provided in Cash to the Litigation-Settlement Expense Fund by the Third-Party Funding Contributor[s] within five (5) business days of receipt of a written request by the Litigation Settlement Trustees.  To the extent that the Third-Party Funding Contributor[s] fail to make such Cash deposits within the applicable five-day period, the Litigation Settlement Trustees, in their sole discretion, may move to dismiss the Chapter 11 Cases or covert the same to cases under chapter 7 of the bankruptcy and the seeking of such relief shall not constitute a breach of any obligation under this Agreement or the PSA. In the sole discretion of the Litigation Settlement Trustees, the five-day period may be extended to accommodate funding reasonably anticipated from the Third-Party Funding Contributor[s].

(c)     The Litigation Settlement Trustees shall use the Litigation-Settlement Expense Fund consistent with the purposes of this Litigation Settlement Trust and subject to the terms and conditions of this Agreement and any the PSA.  Except as may be agreed and set forth under a Plan, none of the Debtors nor the Third-Party Funding

Contributor[s] shall have any further obligation to provide any funding with respect to the Litigation Settlement Trust other than as set forth herein and in the PSA.

## ARTICLE 2
## TRUSTEES

2.1    <u>Initial Trustee</u>.  This Trust shall be initially administered by the Initial Trustee designated by the Third-Party Funding Contributor[s] upon the initial funding.  The sole duty of the Initial Trustee shall be to preserve the Assets.  The Initial Trustee shall serve until the earlier of (i) entry of the Trustee Order (defined herein), at which time the Initial Trustee shall resign and have no further rights or obligations under this Agreement, or (ii) termination of this Litigation Settlement Trust.

(a)    The Initial Trustee shall have only the following rights and authority unless additional authority is expressly approved by all parties to the Agreement:

(i)    To receive the Assets and all contributions of Cash, if banking privileges are obtained for such deposits;

(ii)    To safeguard all Assets and Cash and open bank accounts or otherwise provide for the handling and accounting of all transactions prior to the approval and appointment of the Litigation Settlement Trustees;

(iii)    To act on behalf of all of the Debtors as the sole officer and director of each respective Debtor, including the authority to authorize the filing of the Chapter 11 Cases for each or all of the Debtors;

(iv)    To cause to be made, or authorize any funds-holder to make, distributions of cash only with respect to retention of counsel and other case professionals retained by the Debtors in connection with the filing of the Chapter 11 Cases, which shall be expressly authorized to include such related expenses and execute the retention agreement of such counsel;

(v)    To turn-over, or cause to be turned over by any funds-holder, all such Assets to the Litigation Settlement Trustees upon their appointment and approval, at which time all duties, rights and responsibilities shall end, and provided, however, all indemnity, exculpations, releases and protections of the Trustees shall apply equally to the Initial Trustee, who shall have no liability whatsoever for service as the Initial Trustee except for willful fraud or theft.

(vi)    The Third-Party Funding Contributor[s] shall be solely responsible for all compensation of the Initial Trustee who shall not be compensated by this Trust.

(b)      Upon entry of the Trustee Order, the Litigation Settlement Trustees shall collect and accept title to the Assets and any (i) income earned with respect to, derivative of, or attributable to the Assets; or (ii) proceeds or payments made on account of the Assets (collectively, "Litigation-Settlement Proceeds"), which shall thereupon be added to the Assets of the Litigation Settlement Trust and held as a part thereof (and which title shall be vested in the Litigation Settlement Trustees).

2.2      Litigation Settlement Trustees.   In accordance with this Agreement, Richard S. Schmidt and Russell F. Nelms, two individuals that are each citizens of the State of Texas, are hereby named and appointed as Litigation Settlement Trustees, which appointment shall become effective upon entry of an order of the Bankruptcy Court approving such appointment (the "Trustee Order") and the terms of this Amendment, which order shall be in form and substance agreeable to the Litigation Settlement Trustees.  In the event that the Trustee Order is not entered within 45 days following the Trust Settlement Date, this Litigation Settlement Trust shall terminate, and all funds remaining in the Litigation-Settlement Expense Fund shall be returned to the respective Third-Party Funding Contributor.  Upon entry of and subject to terms of the Trustee Order, the Litigation Settlement Trustees shall promptly commence service and have all the rights, powers, and duties set forth herein and as otherwise provided by law, which shall be broadly and liberally construed to accomplish the purpose of this Litigation Settlement Trust, including:

(a)      All of the powers and duties of managers of the Litigation Settlement Trust and of the Debtors for all purposes, including filing of any proceeding, case, suit, or other legal proceeding; provided, however, that such authority as managers of the Debtors may include appropriate delegation of authority to the Chief Restructuring Officer (the "CRO") as the principal officer of the Debtors, as Debtors-in-Possession, and shall not abridge the CRO's obligations as a fiduciary of the Debtors and their Estates, or any other obligations of the CRO as an Estate professional under section 327 of the Bankruptcy Code;

(b)      All of the powers referenced, granted, or provided herein or as may be required to perform the duties of a Trustee provided herein;

(c)      All of the powers and duties provided under the laws of the State of Texas; and

(d)      All other powers and duties set out in this Agreement, including those powers set out in §3.2 hereof.

Each of the Litigation Settlement Trustees is willing and does hereby accept the appointment to act and serve as Litigation Settlement Trustees of the Litigation Settlement Trust.

2.3      Tenure, Removal, and Replacement of the Litigation Settlement Trustees.

(a)      The Litigation Settlement Trustees (each, a "Trustee" and, together, the "Trustees") will each serve until resignation pursuant to subsection (b) below, removal pursuant to subsection (c) below, or death (if applicable).

(b)     A Trustee may resign by giving not less than ten (10) days' prior written notice to the Debtors.  Such resignation will become effective on the day specified in such notice.

(c)     A Trustee may be removed by order of the Bankruptcy Court.  Any motion to remove a Trustee shall be "for cause" shown by clear and convincing evidence, and all costs and fees for the successful defense of any such action for cause shall be the obligation of the Litigation Settlement Trust.

(d)     In the event of a vacancy in the position of a Trustee (whether by removal, resignation, or (if applicable) death), the vacancy will be filled by the appointment of a successor trustee by (i) the Third-Party Funding Contributor[s], and the acceptance by the successor trustee in accordance with Section 2.3(e) or (ii) an order of the Bankruptcy Court after an opportunity for a hearing; *provided, however*, that only the Debtors shall have standing to seek such an order.  If a successor trustee is appointed by resolution, as provided in clause (i) of the preceding sentence, and such appointment is accepted by the successor trustee, the Debtors shall file notice of such appointment and acceptance with the Bankruptcy Court, which notice will include the name, address, and telephone number of the successor trustee; provided that the filing of such notice shall not be a condition precedent to the vesting in the successor Trustee of all the estates, properties, rights, powers, trusts, and duties of its predecessor.

(e)     Any successor trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Trustee hereunder and thereupon the successor trustee shall, without any further act, become vested with all the estates, properties, rights, powers, privileges, authorities, and duties of its predecessor in the Litigation Settlement Trust hereunder with like effect as if originally named herein and the successor trustee will not be liable personally for any act or omission of the predecessor Trustee.

(f)     Upon the appointment of a successor trustee, the predecessor Trustee (or the duly appointed legal representative of a deceased Trustee) shall, if applicable, when requested in writing by the successor trustee, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed, without recourse to the predecessor Trustee, all the estates, properties, rights, powers, and trusts of such predecessor Trustee, and shall duly assign, transfer, and deliver to such successor trustee all property and money held hereunder, and all other assets and documents relating to the Litigation Settlement Trust then in its possession and held hereunder.

(g)     The death, resignation, retirement, removal, bankruptcy, dissolution, liquidation, incompetence, or incapacity to perform the duties of a Trustee shall not operate to dissolve, terminate, or annul the Litigation Settlement Trust.

2.4     Compensation of the Trustees.

(a)     As compensation, the Litigation Settlement Trustees shall be entitled to receive initially an hourly rate set out below for all time involving Trustee services (or such other amount as agreed to from time to time by the Litigation Settlement Trustees and the

Debtors or as approved by the Bankruptcy Court, as the case may be), payable for the performance of services provided under and pursuant to this Agreement, and shall be reimbursed for all reasonable and documented expenses incurred in connection with the performance of its services hereunder.

(b)    The Litigation Settlement Trustees shall be entitled to receive compensation for services on an hourly rate and shall be reimbursed for all reasonable and documented expenses incurred in connection with the performance of their services hereunder, or as may be ordered by the Bankruptcy Court.  For notice purposes only, the Litigation Settlement Trustees shall file in the Bankruptcy Court a monthly fee statement not later than the 15th day of each month following the months such services were rendered and shall be entitled to receive payment from the Litigation-Settlement Expense Fund on the 20th day of said month.

2.5    No Bond. The Trustees shall serve without bond.

## ARTICLE 3
## DUTIES AND LIMITATIONS OF TRUSTEES

3.1    Role of the Litigation Settlement Trustees.  In furtherance of and consistent with the purpose of this Litigation Settlement Trust, the Litigation Settlement Trustees shall engage in acts that would constitute ordinary performance of the obligations of a trustee under a Texas law, make timely distributions of Cash and not unduly prolong the duration of the Litigation Settlement Trust.  In all circumstances, the Litigation Settlement Trustees shall act in a manner reasonably expected to maximize the value of the Assets for the Litigation Settlement Trust Beneficiaries and in furtherance of the purpose of the Litigation Settlement Trust.

3.2    Authority of Litigation Settlement Trustees.  Subject to any limitations contained herein, the Litigation Settlement Trustees shall have the full power, authority, and discretion to take any and all actions as are necessary or advisable to carry out their responsibilities hereunder and to effectuate the purposes of the Litigation Settlement Trust, including, without limitation:

(a)    full power, authority, and discretion to interpret, construe, and decide all questions and issues arising under any provision of this Agreement, and the decisions of the Litigation Settlement Trustees with respect to all such matters shall be final, conclusive, and binding on all parties who have an interest in the Litigation Settlement Trust;

(b)    receiving (and accepting), managing, supervising, and protecting the assets of the Litigation Settlement Trust on behalf of and for the benefit of the Litigation Settlement Trust Beneficiaries;

(c)    holding legal title to any and all rights of the Litigation Settlement Trust Beneficiaries in or arising from the Assets, and protecting and enforcing the rights to the Assets vested in the Litigation Settlement Trustees by this Agreement by any method deemed appropriate, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law, and general principles of equity;

(d)    commencing and/or pursuing any and all actions involving Assets

that could arise or be asserted at any time;

(e)     distributing to some or all of the Litigation Settlement Trust Beneficiaries (as deemed appropriate by the Litigation Settlement Trustees) information regarding the Litigation Settlement Trust Claims upon executing confidentiality agreements with such Litigation Settlement Trust Beneficiaries satisfactory to the Litigation Settlement Trustees in connection therewith, and the Litigation Settlement Trustees shall have the full power, authority, and discretion to withhold or restrict the delivery of any such information to any Litigation Settlement Trust Beneficiary if the Litigation Settlement Trustees determine in their reasonable discretion that such action is in the best interests of the Litigation Settlement Trust;

(f)     making all necessary filings in accordance with any applicable law, statute or regulation, and in consultation with counsel, seeking any advice or determination that may be necessary or appropriate under any such laws, statutes, or regulations;

(g)     filing of all required tax and information returns and paying of taxes and all other obligations of the Litigation Settlement Trust;

(h)     requesting any appropriate tax determination with respect to the Litigation Settlement Trust;

(i)     paying all expenses and making all other payments relating to any Assets of the Litigation Settlement Trust;

(j)     obtaining insurance coverage with respect to (i) the liabilities and obligations of the Trustees under this Agreement (in the form of an errors and omissions policy or otherwise) and (ii) real and personal property, which may become Assets, if any;

(k)     negotiating, receiving, or accepting of the assignment or transfer of claims, rights, suits, judgments, causes of action, recoveries and/or proceeds therefrom, from the holders thereof, to the extent that an assignment and/or transfer to the Litigation Settlement Trust is deemed to be in the best interests of maximizing the value of the Asset;

(l)     determining the amount of consideration to be provided for the assignment or transfer of claims, rights, suits, judgments, causes of action, recoveries, and/or proceeds therefrom;

(m)     compromising, adjusting, arbitrating, suing on or defending, abandoning, or otherwise dealing with and settling claims in favor of or against the Litigation Settlement Trust as the Litigation Settlement Trustees shall deem advisable;

(n)     determining and satisfying any and all liabilities created, incurred or assumed by the Litigation Settlement Trust;

(o)     retaining and paying such law firms, investment bankers, accounting firms, experts, advisors, consultants, investigators, appraisers, agents, employees, or other professionals and third parties as the Litigation Settlement Trustees may deem necessary or appropriate to assist the Litigation Settlement Trustees in carrying out the Litigation Settlement

Trustees' powers and duties under this Agreement.  The Litigation Settlement Trustees may commit the Litigation Settlement Trust to and shall pay all persons or entities retained or employed by the Litigation Settlement Trust reasonable compensation for services rendered and reasonable expenses incurred;

(p)     investing any moneys held as part of the assets of the Litigation Settlement Trust in accordance with, and subject to the limitations of, the terms of Section 3.7 and 3.8 hereof;

(q)     performing such other responsibilities as may be vested in the Litigation Settlement Trustees pursuant to this Agreement, orders of the Bankruptcy Court, or as may be necessary and proper to discharge the duties and obligations of a debtor-in-possession or estate fiduciary; and

(r)     conducting the affairs of the Litigation Settlement Trust and operating the Litigation Settlement Trust in a manner consistent with the terms of this Agreement.

3.3     Payment of Litigation Settlement Trust Expenses.

(a)     The Litigation Settlement Trustees shall maintain the Litigation-Settlement Expense Fund and expend the assets of the Litigation-Settlement Expense Fund as are reasonably necessary to meet contingent liabilities and to maintain the value of the Assets during these Chapter 11 Cases, and to pay reasonable administrative expenses (including but not limited to, (i) costs and expenses of the Litigation Settlement Trustees, (ii) reasonable fees, costs, and expenses of professionals retained by the Litigation Settlement Trustees, (iii) any taxes imposed on the Litigation Settlement Trust, (iv) fees and expenses in connection with, arising out of or related to the Litigation Settlement Trust Claims or the performance by the Litigation Settlement Trustees of their duties hereunder in accordance with this Agreement, and (v) to satisfy other liabilities incurred or assumed by the Litigation Settlement Trust (or to which the Assets are otherwise subject) in accordance with this Agreement (collectively the "Litigation Trust Expenses").

(b)     The Litigation Settlement Trustees may retain from the Litigation Settlement Trust Proceeds and add to the Litigation-Settlement Expense Fund, at any time and from time to time, such amounts as the Litigation Settlement Trustees deems reasonable and appropriate to ensure that the Litigation-Settlement Expense Fund will be adequate to meet the expenses and liabilities described in Section 3.3(a).

(c)     Notwithstanding any other provision of this Agreement to the contrary, the Litigation Settlement Trustees shall not be required to take any action or enter into or maintain any claim, demand, action, or proceeding relating to the Litigation Settlement Trust unless it shall have sufficient funds in the Litigation-Settlement Expense Fund for that purpose.

3.4     Books and Records.

(a)     The Litigation Settlement Trustees shall maintain books and records relating to the assets and income of the Litigation Settlement Trust and the payment of

expenses of, liabilities of, or claims against or assumed by the Litigation Settlement Trust in such detail and for such period of time as may be necessary to enable the Litigation Settlement Trustees to make full and proper accounting in respect thereof in accordance with the provisions hereof and to comply with applicable provisions of law.  Nothing in this Agreement requires the Litigation Settlement Trustees to file any accounting or seek approval of any court with respect to the administration of the Litigation Settlement Trust, or as a condition for any payment or distribution out of the assets of the Litigation Settlement Trust.

(b)     Upon distribution of all Litigation-Settlement Proceeds and all other Cash from the Litigation Settlement Trust or the termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall retain the books, records, and files which shall have been delivered to or created by the Litigation Settlement Trustees for a period of two (2) years.

3.5     <u>Compliance with Laws</u>.  Any and all distributions of Assets and proceeds of borrowings, if any, shall follow applicable laws, including, without limitation, applicable federal and state securities laws.

3.6     <u>Reliance by Litigation Settlement Trustees</u>.  Except as otherwise provided herein:

(a)     the Litigation Settlement Trustees may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Litigation Settlement Trustees to be genuine and to have been signed or presented by the proper party or parties;

(b)     persons dealing with the Litigation Settlement Trustees shall look only to the Assets to satisfy any liability incurred by the Litigation Settlement Trustees to such Person in carrying out the terms of this Agreement, and neither the Litigation Settlement Trustees nor any member of the Debtors shall have any personal obligation to satisfy any such liability; and

(c)     the Litigation Settlement Trustees shall have the right at any time to seek instructions concerning the administration of this Agreement from the Bankruptcy Court or, in the event that the Chapter 11 Cases are closed, any Texas court.

3.7     <u>Standard of Care; Exculpation</u>.  To the fullest extent permitted by law, neither the Litigation Settlement Trustees or persons acting under the direction of the Litigation Settlement Trustees, nor any of their respective members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by any other Trustee or such Trustee's agents or representatives, nor shall the Litigation Settlement Trustees be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by the Litigation Settlement Trustees in good faith, provided, however, that such limitation of liability shall not apply to any acts or omissions that shall be shown by clear and convincing evidence to have resulted from each such Trustee's own bad faith, willful

misconduct, gross negligence, actual fraud, or knowing violation of law.  Each of the Litigation Settlement Trustees may, in connection with the performance of their respective functions, and in each of their sole and absolute discretion, consult with their respective attorneys, accountants, financial advisors, and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, neither Litigation Settlement Trustee shall be under any obligation to consult with their respective attorneys, accountants, financial advisors, or agents, and the good faith determination not to do so shall not result in the imposition of liability on either of the Litigation Settlement Trustees or, as applicable, their respective designees.

## ARTICLE 4
## DISTRIBUTIONS

4.1     Distributions Subject to Confirmation of Plan.

(a)     The Litigation Settlement Trustees shall distribute the Assets to the Litigation Settlement Trust Beneficiaries or to such other parties as the case may be at such times and in such manner and amounts as shall be provided in any Plan or other order of the Bankruptcy Court.

(b)     Except as otherwise ordered by the Bankruptcy Court, in the event that the Litigation Settlement Trust shall terminate prior to confirmation of a Plan, each respective Third-Party Funding Contributor shall be entitled to receive its pro-rata share of any residual Assets, if any, and provided, however, that all costs of administration of the Litigation Settlement Trust and the Chapter 11 Cases shall be chargeable against and paid from such Assets prior to any distribution.

(c)     Notwithstanding any other provision of this Agreement, the cost of administration of the Litigation Settlement Trust shall be charged against and shall be paid prior to any distributions from the Assets.  Such costs shall include, but are not limited to:  (i) the Litigation Trust Expenses, and (ii) other liabilities incurred or assumed by the Litigation Settlement Trustees in their capacity as trustees (or to which the Assets are otherwise subject) in accordance with this Agreement.  Further, the Litigation Settlement Trustees shall be entitled to hold such amounts in reserve as they deem reasonably necessary to meet future expenses, contingent liabilities and to maintain the value of the Assets during the term of the Litigation Settlement Trust.

## ARTICLE 5
## INDEMNIFICATION

5.1     Indemnification of Litigation Settlement Trustees

(a)     To the fullest extent permitted by law, the Litigation Settlement Trust, to the extent of its Assets, shall indemnify and hold harmless each present and former Trustee and each of their respective directors, members, shareholders, partners, officers, agents, employees, attorneys, and other professionals (collectively, the "Indemnified Persons") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, reasonable fees and expenses of attorneys and other advisors and

any court costs incurred by any Indemnified Person) or liability arising out of or relating to the Litigation Settlement Trust, the Litigation Settlement Trust Interests, the Assets, the Litigation Settlement Trust Claims, or any acts or omissions of any Indemnified Person in their capacity as a Litigation Settlement Trustee or agent, employee, or representative thereof; *provided, however,* that such act or omission was reasonably believed to be within the scope of authority granted to such Person under this Agreement and did not constitute bad faith, gross negligence, fraud, willful misconduct, or knowing violation of law established by clear and convincing evidence.

(b)     In their sole discretion, the Litigation Settlement Trustees may pay in advance or reimburse reasonable and documented out-of-pocket expenses (including reasonable costs of defense) incurred by an Indemnified Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the Litigation Settlement Trust.  To the extent that any such expenses are paid or reimbursed in advance of the final disposition of any such action, suit or proceeding, the Indemnified Person shall provide the Litigation Settlement Trust with an undertaking by or on behalf of such Indemnified Person to repay such amount if it shall ultimately be determined that such Person is not entitled to be indemnified by the Litigation Settlement Trust as authorized in this Article 5. Such expenses (including attorneys' fees) may be so paid upon such terms and conditions, if any, as the Litigation Settlement Trustees deem appropriate.

(c)     Any Indemnified Person may waive the benefits of indemnification under this Article 5, but only by an instrument in writing executed by such Indemnified Person.

(d)     The Litigation Settlement Trustees shall have power to purchase and maintain insurance on behalf of any potentially Indemnified Person against any liability asserted against such Person and incurred by such Person in connection with such Person's obligations under this Agreement, whether or not such Person would be entitled to indemnification against such liability under the provisions of this Article 5.

(e)     The rights to indemnification under this Article 5 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution.  Nothing in this Article 5 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Agreement or any other agreement or instrument to which that Person is a party.

## ARTICLE 6
## REPORTS

6.1     Financial, Tax, and Other Information.

(a)     The Litigation Settlement Trustees shall be responsible for filing all federal, state, and local tax returns for the Litigation Settlement Trust and paying any taxes imposed on the Litigation Settlement Trust, which amounts shall be funded solely from Assets. The Litigation Settlement Trustees shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority.

6.2     <u>Other Required Reports</u>.

(a)     Promptly following the occurrence of a material event or change which effects either the Litigation Settlement Trust or the rights of the Litigation Settlement Trust Beneficiaries hereunder, the Litigation Settlement Trustees shall cause to be prepared and delivered to the Litigation Settlement Trust Beneficiaries notice of such occurrences.

(b)     The Litigation Settlement Trustees shall also file (or cause to be filed) any other statements, returns, or disclosures relating to the Litigation Settlement Trust that are required by any governmental unit or regulatory agency.

6.3     <u>Certain Non-Public Information</u>.  As provided in ¶ 1.2(c) the Litigation Settlement Trustees may deliver certain non-public information to one or more Litigation Settlement Trust Beneficiaries and such delivery shall in no way entitle any other Litigation Settlement Trust Beneficiary to receive such information.  Notwithstanding anything in this Agreement to the contrary, the Litigation Settlement Trustees may, in their sole discretion, withhold information from any Litigation Settlement Trust Beneficiary if the Litigation Settlement Trustees believes in good faith that the delivery of such information to such Litigation Settlement Trust Beneficiary (i) is or would be prohibited by any agreement with a Third-Party or (ii) is not in the best interest of the Litigation Settlement Trust or the purpose of maximizing the value of the assets of the Litigation Settlement Trust or (iii) could damage or prejudice the Litigation Settlement Trust, the Assets or the business, operations, or purpose of the Litigation Settlement Trust.

6.4     <u>Electronic Reporting.</u>  Notwithstanding anything herein to the contrary, the Litigation Settlement Trustees may post any report, notice, or other information required to be provided to the Litigation Settlement Trust Beneficiaries on a web site maintained by the Litigation Settlement Trustees in lieu of actual delivery of such report, notice, or other information to the Litigation Settlement Trust Beneficiaries, subject to providing notice that such a procedure is being (or will be) implemented.

## ARTICLE 7
## TERM; TERMINATION OF THE LITIGATION SETTLEMENT TRUST

7.1     <u>Term; Termination of the Litigation Settlement Trust</u>.The Litigation Settlement Trust shall continue for such time as is reasonably necessary to accomplish its purposes as set forth in this Agreement, provided, however, that, except as otherwise ordered by the Bankruptcy Court or as set forth in a Plan, the Litigation Settlement Trust shall be terminated upon the occurrence of the following:

(a)     Dismissal of the Chapter 11 Cases;

(b)     Conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; or

(c)     The effective date (the "<u>Effective Date</u>") of a Plan.

7.2     Continuance of Trust for Winding Up.  Notwithstanding the termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall continue to act as Trustees and shall have such powers and be authorized to take such actions as are reasonably necessary to wind-down the affairs of the Litigation Settlement Trust, provided that such powers and actions shall not be inconsistent with the terms of this Agreement or applicable law.  Prior to the final distribution of any of the residual Assets of the Litigation Settlement Trust, the Litigation Settlement Trustees shall be entitled to reserve from such Assets any and all amounts required to provide for their own costs and expenses, in accordance with section 4.1 herein, until such time as the winding-up of the Litigation Settlement Trust is completed.  Upon termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall retain for a period of two (2) years the books, records, the Litigation Settlement Trust, and certificates and other documents and files that have been delivered to or created by the Litigation Settlement Trustees. At the Litigation Settlement Trustees' discretion, all of such records and documents may, but need not, be destroyed at any time after two years from the completion and winding-up of the affairs of the Litigation Settlement Trust.  Except as otherwise specifically provided herein, upon the termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall have no further duties or obligations hereunder.

## ARTICLE 8
## AMENDMENT AND WAIVER

8.1     Amendment and Waiver.  The Litigation Settlement Trustees, with the consent of the Third-Party Funding Contributors, up to and until entry of an order confirming a Plan in these Chapter 11 Cases, may amend, supplement or waive any provision of, this Agreement, without notice to or the consent of any Litigation Settlement Trust Beneficiary or the approval of the Bankruptcy Court: (i) to cure any ambiguity, omission, defect, or inconsistency in this Agreement, provided that such amendments, supplements, or waivers shall not materially modify the rights, duties, or obligations of the Litigation Settlement Trustees under this Agreement; (ii) to comply with any requirements in connection with maintaining any exemptions from or exceptions to the registration or reporting requirements of the Exchange Act, the Trust Indenture Act, or the Investment Company Act as deemed necessary or appropriate from time to time by the Litigation Settlement Trustees; and (iii) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this Agreement or a Plan.

## ARTICLE 9
## MISCELLANEOUS PROVISIONS

9.1     Reimbursement of Trust Litigation-Settlement Costs. If the Litigation Settlement Trustees, the Debtors, or the Litigation Settlement Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Agreement or the enforcement thereof, the Litigation Settlement Trustees, the Debtors, or the Litigation Settlement Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses, and fees, including attorneys' fees, from the non-prevailing party incurred by the Litigation Settlement Trustees, the Debtors, or the Litigation Settlement Trust, as the case may be, in connection with such dispute or enforcement action.

9.2     Laws as to Construction. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas and U.S. bankruptcy laws, as applicable, without regard to whether any conflicts of law would require the application of the law of another jurisdiction.

9.3     Jurisdiction.  Without limiting any Person or entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, and subject to the rights of the Litigation Settlement Trustees pursuant to Section 2.3(b) of this Agreement, (i) prior to the closure of the Chapter 11 Cases (a) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (b) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and (ii) following the closure of the Chapter 11 Cases, (x) the districts courts for Texas shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (y) any and all actions related to the foregoing shall be filed and maintained only in a Texas federal district court, and the parties, including the Litigation Settlement Trust Beneficiaries, hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court and the federal district courts of Texas, as applicable.

9.4     Severability.  If any provision of this Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement , or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

9.5     Notices.   All notices, requests, or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier. Until a change of address is communicated, as provided below, all notices, requests, and other communications shall be sent to the parties at the following addresses or facsimile numbers:

**If to the Initial Trustee Robert Dew**:

Kyung S. Lee
Parkins Lee & Rubio LLP
Pennzoil Place-13th Floor
700 Milam
Houston, Texas 77002
klee@parkinslee.com

**If to the Litigation Settlement Trustees**:

Matthew S. Okin
Okin Adams LLP
1113 Vine St. Suite 240
Houston, TX 77002
mokin@okinadams.com

**If to Debtors**:

To:  Marc Schwartz
Chief Restructuring Officer
of the Debtors
Schwartz Associates LLC
712 Main Street, Ste 1830
Houston, Texas 77002

**With a copy to:**

Kyung S. Lee
Parkins Lee & Rubio LLP
Pennzoil Place-13th Floor
700 Milam
Houston, Texas 77002
klee@parkinslee.com

**If to Free Speech Systems, LLC**
**As a Third-Party Funding Contributor**

To:  Ray Battaglia
rbattaglialaw@outlook.com

**If to Alex Jones**
**As a Third-Party Funding Contributor**

To:  Shelby A. Jordan
sjordan@jkhwclaw.com

All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt.  Any party from time to time may change its address, facsimile number, or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

9.6    Fiscal Year.  The fiscal year of the Litigation Settlement Trust will begin on the first day of January and end on the last day of December of each year.

9.7    <u>Headings</u>.  The section headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

9.8    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

9.9    <u>Confidentiality</u>.  The Litigation Settlement Trustees, and each successor trustee and each member of each Debtor and each successor member of each Debtor (each a "<u>Covered Person</u>") including any member or counsel to either as well as any member of any Committee Representative having access to information defined below shall, during the period that they serve in such capacity under this Agreement and following either the termination of this Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the assets of the Litigation Settlement Trust relates or of which it has become aware in its capacity (the "<u>Information</u>"), except to the extent disclosure is first obtained by a federal court and is shown to be required by applicable law, order, regulation, or legal process. In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand, or similar legal process) to disclose any Information, such Covered Person shall notify the Debtors reasonably promptly (unless prohibited by law) so that the Debtors may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section (and if the Debtors seeks such an order, the relevant Covered Person will provide cooperation as the Debtors shall reasonably request).  In the event that no such protective order or other remedy is obtained, or that the Debtors waive compliance with the terms of this Section and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the Debtors written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

9.10    <u>Entire Agreement</u>.  This Agreement (including the Recitals) and the PSA shall constitute, the entire agreement by and among the parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Agreement and the PSA supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the named parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Agreement.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Amendment or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Effective Date:  April 28, 2022.

**_INITIAL_ LITIGATION SETTLEMENT TRUSTEE**


By: _____
Name:   Robert Dew
Title:    Initial Trustee, and as sole member of each
           Debtor entity InfoW, LLC, InfoHealth,
           LLC, Prison Planet TV, LLC

**INFOW, LLC**

By: _____
Name:   W. Marc Schwartz
Title:    Chief Restructuring Officer

**IWHEALTH, LLC**

By: _____
Name:   W. Marc Schwartz
Title:    Chief Restructuring Officef

**PRISON PLANET TV, LLC**

By: _____
Name:   W. Marc Schwartz
Title:    Chief Restructuring Officer


**THIRD-PARTY FUNDING CONTRIBUTOR
ALEX JONES**

By: _____
Name:

**THIRD-PARTY FUNDING CONTRIBUTOR FREE SPEECH SYSTEMS, LLC**

By: _____
Name:
Title:

**SIGNATURES LEFT BLANK PENDNG APPOINTMENT BY BANKRUPTCY COURT ORDER**

_____
Name:  Russell F. Nelms
Title:   Litigation Settlement Trust Trustee
         and Debtors' Managing Member

_____
Name:  Richard S. Schmidt
Title:   Litigation Settlement Trust Trustee
         and Debtors' Managing Member