UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> INFOW, LLC, *et al.*, ) <br> ) <br> Debtors.[1] ) <br> ) <br> ) | Case No. 22 - 60020 <br><br> Chapter 11 (Subchapter V) <br><br> Jointly Administered |

**ORDER APPROVING DEBTORS' APPLICATION
TO EMPLOY PARKINS LEE & RUBIO LLP AS BANKRUPTCY
COUNSEL FOR THE PERIOD FROM APRIL 18 TO MAY 15, 2022**

Upon the application (the "Application")[2] filed by the Debtors to retain and employ Parkins Lee & Rubio LLP ("PLR") as bankruptcy counsel for the period from April 18, 2022 to May 15, 2022, pursuant to Bankruptcy Code §§ 327(a) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the Lee Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) PLR does not represent an interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged and is a "disinterested person" within the meaning of that term under § 101(14) of the Bankruptcy Code; (vi) PLR is qualified to represent the Debtors' estates under § 327 of the Bankruptcy Code; (vii)

---

[1] The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

[2] Capitalized terms not defined herein have the meaning set forth in the Application.

the terms of PLR's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interests of the Debtors' estates; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at any hearing on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. In accordance with Bankruptcy Code §§ 327(a) and 330 and Bankruptcy Local Rule 2014-1, the Debtors are authorized to employ and retain PLR for the period from April 18, 2022 to May 15, 2022, as bankruptcy counsel, under the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as <u>Exhibit B</u>.

2. For avoidance of doubt, PLR will not be the Debtors' counsel following May 15, 2022.

3. For the period of its retention, PLR is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with the Chapter 11 Cases.

4. PLR shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to the procedures Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court.

5. All compensation for services rendered and reimbursement for expenses incurred in connection with the above-captioned Chapter 11 Cases shall be paid after further application to

and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and any orders of this Court.

6. PLR shall continue to hold the $8,097.57 remaining prepetition retainer (the "Remaining Retainer") in trust pending final allowance of PLR's fees and expenses unless otherwise ordered by this Court. The Remaining Retainer shall be used to satisfy any fees and/or expenses finally allowed by the Court.

7. This order shall be immediately effective and enforceable upon entry.

8. This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

9. The Debtors and PLR are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2022

                                                         **UNITED STATES BANKRUPTCY JUDGE**