**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INFOW, LLC | ) | Case No. 22 - _60020_____ |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |
| In re: | ) | |
| | ) | |
| IWHEALTH, LLC | ) | Case No. 22 - _60021_____ |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |
| In re: | ) | |
| | ) | |
| PRISON PLANET TV, LLC | ) | Case No. 22 - _60022_____ |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |

**DEBTORS' EMERGENCY MOTION TO (A) EXTEND ANSWER DATE, (B) EXTEND
EXHIBIT DESIGNATION DATE, (C) TOLL DISCOVERY DEADLINES, (D)
CONTINUE HEARING DATE ON MOTIONS TO DISMISS AND (E) GRANT
RELATED RELIEF**
[Relates to DKT. 36, 42 and 59)

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED AND IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

RELIEF IS REQUESTED ON OR BEFORE **MAY 20, 2022**.

InfoW, LLC ("InfoW"), IWHealth, LLC ("IW Health"), and Prison Planet TV, LLC ("Prison Planet TV", and together with InfoW and IW Health, the "Debtors"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby move for entry of an order substantially in the form attached hereto (the "Proposed Order") pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7016(b)(4) of the Federal Rules of Civil Procedure continuing deadlines and hearing date on the motions to dismiss.

## **REQUEST FOR EMERGENCY HEARING**

1.      The Debtors seek emergency consideration of this Motion on or before **May 20, 2022**, or as soon after as the Court's schedule will allow. Responses to three (3) Motions to Dismiss Chapter 11 Cases are due on May 20, 2022, which may not be necessary, if the withdrawal of claims by the Texas and Connecticut Plaintiffs can be accomplished by the parties, and the U. S.

2

Trustee's Motion to Dismiss may also be obviated based on the evaluation of the remaining claims by the Chief Restructuring Officer prior to the continued hearing date.

## JURISDICTION

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3.      The bases for the relief requested herein is section 105 of title 11 of the United States Code (the "Bankruptcy Code") and the applicable Federal and Bankruptcy Rules of Procedure, including Fed. R. Civ. P. 16(b)(4).

## BACKGROUND

### A.  Case Background

4.      On April 18, 2022 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.      As of the filing of this Motion, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

6.      Melissa A. Haselden is the Subchapter v Trustee of the Debtors. Dkt. 12.

### B.  Motions to Dismiss Bankruptcy Cases

7.      On April 26, 2022, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker (collectively, the "Connecticut Plaintiffs") filed their Emergency Motion to Dismiss Chapter 11 Cases and

Objection to Debtors' Designation as Subchapter V Small Vendors, Dkt. 36  ("Connecticut Plaintiffs MTD").

8.      On April 27, 2022, Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine (collectively, the "Texas Litigation Plaintiffs") (a) joined the Connecticut Plaintiffs' Emergency Motion to Dismiss Chapter 11 Cases and Objection to Debtor's Designation as Subchapter V Small Vendors  Dkt. 36  (the "Connecticut Motion"); and (b) filed their Supplemental Motion to Dismiss Petition, Dkt. 42  (the "Texas Plaintiffs MTD").

9.      On April 29, 2022, the United States Trustee filed its Motion to Dismiss Case, Dkt. 50 ("US Trustee MTD"). The three (3) motions to dismiss shall hereinafter be referred to as Motions to Dismiss.

10.     Since then, the Court established a) May 20, 2022 as the deadline to answer or respond to the Motions to Dismiss ("Original Answer Date"); b) May 25, 2022 as the date for submission of exhibits to be used at hearing on the Motions to Dismiss ("Original Exhibit Designation Date"); c) May 27, 2022, 9:00 a.m. as the date for hearing on the Motions to Dismiss ("Original Hearing Date"). The parties were allowed to undertake discovery among each other on a voluntary basis.

## C. Key Developments in the Bankruptcy Cases

11.     The Texas and Connecticut Plaintiffs have stated that they do not want to be creditors of the Debtors.

12.     The Debtors and the Plaintiffs have been discussing and implementing the withdrawal of claims and dismissals with prejudice of the three debtors from the underlying state court suits in Texas and Connecticut.

13.     The Texas Plaintiffs and the Debtors have exchanged Stipulations and hope to reach agreement, which will allow them to submit the Stipulations to this Court for approval.

14.     The Connecticut Plaintiffs are proceeding by way of motion in the Connecticut Bankruptcy Court, where the state court lawsuits involving the debtors were removed on the Petition Date. The Connecticut Bankruptcy Court has scheduled a Status Conference on remand matters for Tuesday May 24, 2022.

15.     Even after the withdrawal of the claims of the Texas and Connecticut Plaintiffs from the Debtors' estates, the U.S Trustee has announced his intention to proceed with his Motion to Dismiss. Discovery against the Debtors has been sought by the U.S. Trustee for the week of May 23, 2022.

16.     After the complete withdrawal of claims by the Texas and Connecticut Plaintiffs, the three debtors still have a number of creditors that must be treated. Marc Schwartz, the proposed Chief Restructuring Officer, has not yet had a chance to focus on the remaining creditors. He intends to turn his attention to determine how best to resolve them as soon as he finalizes the agreements with the Texas and Connecticut Plaintiffs.

17.     The CRO has several options on how to proceed after the claims of the Connecticut and Texas Plaintiffs are eliminated against the Debtors. He could proceed to confirmation of a plan by re-negotiating the Plan Support Agreement, or he could dismiss the Chapter 11 Cases, after notice and a hearing, and handle the remaining claims outside of Chapter 11. The CRO must have a short amount of time to analyze which option to pursue.

## **RELIEF REQUESTED**

18.     The Debtors request that the Court enter an order substantially in the form of the Proposed Order a) extending Original Answer Date to June 17, 2022; b) extending the Original Exhibit Designation Date to June 22, 2022, c) continuing hearing on the Motions to Dismiss to

June 24, 2022, or a date first available to the Court, d) and extending any discovery deadlines to authorize parties to undertake discovery among them prior to the new hearing date.

**BASIS FOR RELIEF**

19.     Extending the various deadlines and continuing the Original Hearing Date on the Motions to Dismiss until June will save the estate significant resources and eliminate waste of estate, creditor and judicial resources.

20.     Today, the Debtors must respond to three (3) Motions to Dismiss. Two of the Motions to Dismiss will be withdrawn once the parties implement the agreed to dismissals with prejudice of the Debtor defendants from the state court lawsuits. The Debtors are very close to finalizing a Stipulation with the Texas Plaintiffs. The Debtors should have a much better idea of where the process is after the Status Conference with the United States Bankruptcy Court for the District of Connecticut on May 24, 2022. Requiring the Debtors to respond and answer three Motions to Dismiss on May 20, 2022, when two of them may become moot next week, is not an optimal use of Debtors' limited financial resources.

21.     Continuing the Original Hearing Date until June will also permit the CRO who has been engulfed in evaluating the dismissals with prejudice issues to now focus on the remaining creditors of the Debtors. The CRO will be able to evaluate either before or by the June hearing date whether he should proceed with trying to confirm a subchapter v plan of reorganization or handle these claims outside of bankruptcy. Again, such effort will be wise use of limited financial resources. Such an approach will also save valuable judicial resources.

22.     Debtors have polled the Texas and Connecticut Plaintiffs and the U.S. Trustee regarding this Motion but did not receive a response prior to filing of the Motion from the Texas

and Connecticut Plaintiffs. The U.S. Trustee seeks a shorter continuance than the one proposed by the Debtors.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the proposed order extending the various deadlines and continuing the hearing on the Motions to Dismiss until no earlier than June 24 and grant such other relief.

Dated: May 18, 2022

**KYUNG S. LEE PLLC**

*/s/Kyung S. Lee*
Kyung S. Lee
TX Bar No. 12128400
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: klee@kslpllc.com
Phone: 713-301-4751

*Proposed Counsel to the Debtors*

## **CERTIFICATE OF ACCURACY**

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).


*/s/Kyung S. Lee*
Kyung S. Lee

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2022, a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service, (b) by U.S.P.S. first class mail on the parties indicated in the attached service list, and (c) the following parties by email:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Norman A Pattis, Cameron L. Atkinson
Pattis & Smith, LLC
383 Orange Street
New Haven, CT 06511
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Ray Battaglia
Law Office of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

Attn: Avi Moshenberg, Nick Lawson, Matthew
Caldwell
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
matthew.caldwell@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Richard S. Schmidt
615 Leopard, #635
Corpus Christi, TX 78401
rss@judgerss.com

Russell F. Nelms
115 Kay Lane
Westworth Village, TX 76114
rfargar@yahoo.com

Attn: W. Marc Schwartz
Schwartz Associates
712 Main Street, Ste. 1830
Houston, TX 77002
mschwartz@schwartzassociates.us

Attn: Matthew Okin
Okin Adams LLP
1113 Vine St., Ste. 240
Houston, TX 77002
mokin@okinadams.com

_/s/ Kyung S. Lee_
Kyung S. Lee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| INFOW, LLC, *et al.*, | ) Case No. 22 - __60021_____ |
| | ) |
| Debtors.[1] | ) Chapter 11 (Subchapter V) |

**ORDER (A) EXTENDING ORIGINAL ANSWER DATE,  (B) EXTENDING ORIGINAL
EXHIBIT DESIGNATION DATE; (C) TOLLING DISCOVERY DEADLINES, (D)
CONTINUING ORIGINAL HEARING DATE, AND (E) GRANTING RELATED
RELIEF**

Upon the *Debtors' Emergency Motion to (A) Extend Answer Date, (B) Extend Exhibit Designation Date, (C) Toll Discovery Deadlines, (D) Continue Hearing Date  on Motion to Dismiss and (e) Grant Related Relief (the "Motion")*[2] filed on May 18, 2022; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.     The Original Answer Date on the Motions to Dismiss be and hereby is now June __, 2022;

2.     The Original Exhibit Designation Date be and hereby is now June __, 2022;

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

[2] Capitalized terms used by not otherwise defined in this Order shall have the meanings ascribed to such terms in the Application.

3.     Any discovery deadline in this contested matter shall be tolled and the parties shall be entitled to take discovery from each other prior to the rescheduled hearing date;

4.     The Original Hearing Date be and hereby is now continued until June __, 2022.

5.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____      _____

_____
UNITED STATES BANKRUPTCY JUDGE