**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

|  |  |
|---|---|
| In re: | Case No. 22 - 60020 |
| INFOW, LLC, *et al.*, | Chapter 11 (Subchapter V) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' APPLICATION TO EMPLOY KYUNG S. LEE PLLC AS BANKRUPTCY**
**COUNSEL EFFECTIVE AS OF MAY 16, 2022**

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN
> WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS
> PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU
> MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY
> COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE
> SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR
> RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE,
> THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT
> THE RELIEF REQUESTED.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE CHRISTOPHER LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

InfoW, LLC ("InfoW"), IWHealth, LLC ("IW Health"), and Prison Planet TV, LLC

("Prison Planet TV", and together with InfoW and IW Health, the "Debtors"), the debtors in the

above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby file this application (the

"Application") to employ Kyung S. Lee PLLC ("KSLPLLC") as bankruptcy counsel, effective as

of May 16, 2022.  As discussed in detail below, Mr. Kyung S. Lee, the partner at Parkins Lee &

Rubio LLP ("PLR") exclusively handling the  representation of the Debtors, withdrew as a partner

---

[1]     The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number
are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison
Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

from PLR as of May 15, 2022 and went back to practice under Kyung S. Lee PLLC starting on May 16, 2022. Subject to approval by the Bankruptcy Court, the Chief Restructuring Officer, Marc Schwartz, the Chief Restructuring Officer of the Debtors has engaged KSLPLLC to represent the Debtors commencing as of May 16, 2022, pursuant to an Engagement Agreement, attached hereto as Exhibit B. In support of the Application, the Debtors submit the Declaration of Kyung S. Lee (the "Lee Declaration"), attached as Exhibit A hereto, and respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief sought are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the U.S. Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

### A.      The Debtors

4.      On April 18, 2022 (the "Petition Date"), each of the Debtors commenced the Chapter 11 Cases by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code.

5.      Marc Schwartz is the Chief Restructuring Officer of the Debtors. No request for the removal of the Debtors as debtors-in-possession has been made in these Chapter 11 Cases.

6.      Additional background information on the Debtors can be found in the Debtors' *Emergency Motion For Order Authorizing Appointment of Russell F. Nelms and Richard S.*

*Schmidt As Trustees of the 2022 Litigation Settlement Trust and Granting Related Relief* [Dkt No. 6].

### B.   Proposed Employment of Kyung S. Lee PLLC

#### i.   *Scope of Employment*

7.     Subject to the Court's approval, KSLPLLC will serve as general bankruptcy counsel in connection with the Debtors' Chapter 11 Cases, commencing on May 16, 2022.

#### ii.   *Necessity of Employment*

8.     The Debtors believe that the assistance of counsel specializing in bankruptcy is necessary and appropriate to administer these Chapter 11 Cases. The Debtors cannot proceed in chapter 11 without counsel and would face extreme difficulty complying with the provisions of the Bankruptcy Code and successfully reorganizing their financial affairs for the benefit of their creditors without attorneys who focus their practice on corporate bankruptcy.

#### iii.   *Reasons for Selection*

9.     The Debtors are retaining KSLPLLC because of the extensive experience of Mr. Lee, in all aspects of corporate bankruptcy and representing chapter 11 debtors in this district and because of his familiarity with the Debtors and the Chapter 11 Cases, having been the primary partner in charge of the cases while he was at PLR.

10.     Mr. Lee is familiar with the Debtors' financial condition in connection with the preparation of the Debtors' Petitions, Schedules, and SOFAs. The Debtors expended substantial efforts prior to the Petition Date to developing a structure for a global resolution of litigation claims against the Debtors and affiliated co-defendants. Mr. Lee was intimately involved in that process.

11.     Since the Petition Date, Mr. Lee has been involved in all aspects of the Debtors' Chapter 11 Cases, ranging from reporting to the Court at Status Conferences to negotiating with

counsel for the Texas and Connecticut Plaintiffs regarding their withdrawal of claims and dismissals of suits with prejudice.

12.     Any other firm would need to spend significant time and effort to become familiar with the Debtors, the Plan Support Agreement, the Debtors' liabilities, and related agreements that would delay administering the subchapter v bankruptcy cases.

13.     The Debtors therefore believe that KSLPLLC, and especially Mr. Lee, is well-qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

    iv.    *Proposed Compensation & Reimbursement*

14.     KSLPLLC intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines (the "Guidelines") established by the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any orders of this Court in these Chapter 11 Cases (the "Orders"), for all services performed and expenses incurred during its representation of the Debtors.

15.     Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, the Debtors propose to pay KSLPLLC as set out in the Engagement Agreement attached hereto as Exhibit B and as summarized in the following chart:

| BILLER | RATE |
|---|---|
| Kyung S. Lee | $850 |
| Other Associate Attorneys | $300 - $650 |
| Paralegals | $150 - $250 |
| Legal Assistants | $50-$100 |

16.     The Debtors believe that KSLPLLC's agreed terms of reimbursement, compensation, and hourly rates are reasonable. KSLPLLC will notify the Debtors of any change in the hourly rates charged for services rendered while the Chapter 11 Cases are pending.

*v.     Retainer*

17.     The Debtors did not engage KSLPLLC prior to the Petition Date. Although KSLPLLC has requested a retainer, KSLPLLC has not received a retainer to secure the payment of KSLPLLC's fees in connection with the representation as of the time of filing the Application. KSLPLLC shall report to the Court if circumstances change, and a retainer is provided to the firm.

*vi.     Connections*

18.     The Lee Declaration sets out KSLPLLC's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. To the best of the Debtors' knowledge, KSLPLLC does not hold any connections other than those disclosed in the Lee Declaration.

19.     The Debtors believe that KSLPLLC neither holds nor represents a disqualifying interest that is adverse to the estate and is a "disinterested person." If any new relevant facts or relationships are discovered, KSLPLLC will supplement its disclosure to the Court.

**RELIEF REQUESTED**

20.     The Debtors request that the Court enter an order substantially in the form of the proposed order attached hereto (the "Proposed Order") authorizing the Debtors to retain KSLPLLC as general bankruptcy counsel, pursuant to the terms of the Engagement Agreement, commencing on May 16, 2022.

## **BASIS FOR RELIEF**

21.     Subject to bankruptcy court approval, Bankruptcy Code § 327(a) authorizes

trustees—and debtors-in-possession—to "employ one or more attorney's accountants, appraisers,

auctioneers, or other professional persons, that do not hold or represent an interest adverse to the

estate, and that are disinterested persons, to represent or assist the trustee in carrying out the

trustee's duties . . . ." Bankruptcy Code § 327(c) provides that "[i]n a case under chapter 7, 12, or

11 of this title, a person is not disqualified for employment under this section solely because of

such person's employment by or representation of a creditor, unless there is objection by another

creditor or the United States trustee, in which case the court shall disapprove such employment if

there is an actual conflict of interest."

22.     Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order

approving the employment of a professional. According to Bankruptcy Rule 2014, the application

must:

> (a)     Be filed by the trustee or committee and served on the United States Trustee (except in cases under chapter 9 of the Bankruptcy Code);

> (b)     State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

> (c)     Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

### A.    KSLPLLC Meets the Requirements of Bankruptcy Code § 327(a)

23.    Based on the Lee Declaration, the Debtors submit that KSLPLLC neither holds nor

represents a disqualifying adverse interest and is a "disinterested person" as that term is defined in

§ 101(14) of the Bankruptcy Code.

24.    The term "disinterested person" is defined by the Bankruptcy Code. According to

Bankruptcy Code § 101(14):

> The term "disinterested person" means a person that— (A) is not a
> creditor, an equity security holder, or an insider; (B) is not and was
> not, within 2 years before the date of the filing of the petition, a
> director, officer, or employee of the debtor; and (C) does not have
> an interest materially adverse to the interest of the estate or of any
> class of creditors or equity security holders, by reason of any direct
> or indirect relationship to, connection with, or interest in, the debtor,
> or for any other reason.

25.    The Lee Declaration discloses no connections with the Debtors that would

disqualify KSLPLLC as a "disinterested person" and the Debtors are aware of no connections in

addition to those disclosed in the Lee Declaration.

### B.    This Application and the Lee Declaration Meet the Requirements of Bankruptcy Rule 2014

26.    This Application and the Lee Declaration meet the requirements as set out in

Bankruptcy Rule 2014. This Application is made by the Debtors and sets out the necessity for the

employment, the name of the person to be employed, the reasons for the selection, the professional

services to be rendered, the proposed arrangement for compensation. The Lee Declaration is a

verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that KSLPLLC has

with the Debtors, creditors, any other party in interest, their respective attorneys and accountants,

the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtors are not

aware of any other connections in addition to those disclosed in the Lee Declaration.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially

in the form of the Proposed Order approving the employment of KSLPLLC commencing on  May

16, 2022 and grant any other relief that is just and proper.

Dated: May 19, 2022

Respectfully submitted,

W. Marc Schwartz
Chief Restructuring Officer and Authorized
Representative of InfoW, LC, IW Health,
LLC and Prison Planet TV, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service, (b) by U.S.P.S. first class mail on the parties indicated in the attached service list, and (c) the following parties by email:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Norman A Pattis, Cameron L. Atkinson
Pattis & Smith, LLC
383 Orange Street
New Haven, CT 06511
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Ray Battaglia
Law Office of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

Attn: Avi Moshenberg, Nick Lawson, Matthew
Caldwell
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
matthew.caldwell@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Richard S. Schmidt
615 Leopard, #635
Corpus Christi, TX 78401
rss@judgerss.com

Russell F. Nelms
115 Kay Lane
Westworth Village, TX 76114
rfargar@yahoo.com

Attn: W. Marc Schwartz
Schwartz Associates
712 Main Street, Ste. 1830
Houston, TX 77002
mschwartz@schwartzassociates.us

Attn: Matthew Okin
Okin Adams LLP
1113 Vine St., Ste. 240
Houston, TX 77002
mokin@okinadams.com

/s/ Kyung S. Lee
Kyung S. Lee