**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| INFOW, LLC, *et al.*, | ) Case No. 22 - 60020 |
| | ) |
| Debtors.[2] | ) Chapter 11 (Subchapter V) |
| | ) |
| | ) Jointly Administered |

**DECLARATION OF KYUNG S. LEE IN SUPPORT OF**
**THE DEBTORS' APPLICATION TO EMPLOY**
**KYUNG S. LEE PLLC AS BANKRUPTCY COUNSEL**

I, Kyung S. Lee, declare under penalty of perjury as follows:

1.      I am an attorney at law duly admitted and in good standing to practice in the State of Texas and New York, the  United States District Court for the Southern District of Texas, the Fifth Circuit Court of Appeals and the United State Supreme Court.  As of May 16, 2022, I am a sole member of the law firm Kyung S. Lee PLLC ("KSLPLLC"), located at 700 Milam Street, Suite 1300, Houston, Texas 77002. My email address is klee@kslpllc.com.

2.      I am making this Declaration in support of the Debtors' Application to Employ Kyung S. Lee PLLC as Bankruptcy Counsel, Commencing As of May 16, 2022 (the "Application").  Unless otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed in the Application.

3.      Except as otherwise noted, all facts set forth in this Declaration are based upon my personal knowledge, upon the client and matter records of KSLPLLC reviewed by me or derived from information available to me that I believe to be true and correct.

---

[2]      The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

**A.      Scope of Services**

4.      Pursuant to the Engagement Agreement, the Application, and the Proposed Order attached thereto, KSLPLLC will serve as bankruptcy counsel to the Debtors in connection with the Chapter 11 Cases for the period commencing on May 16, 2022.  In connection with this representation, KSLPLLC will take all necessary and appropriate actions to administer the Debtors' Chapter 11 Cases.

**B.      Proposed Compensation**

5.      KSLPLLC will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, Guidelines, and Orders for all services performed and expenses incurred during its representation of the Debtors.

6.      Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, KSLPLLC intends to request the allowance of its compensation as set out in the Engagement Agreement and as summarized in the following chart:

| BILLER | RATE |
|---|---|
| Kyung S. Lee | $850 |
| Other Associate Attorneys | $ 300 - $600 |
| Paralegals | $150 - $250 |
| Legal Assistants | $ 50-$100 |

7.      These rates reflect the rates that KSLPLLC ordinarily charges clients in bankruptcy and non-bankruptcy matters and are less than or equal to the rates of similarly skilled and experienced attorneys who practice in this district on similar chapter 11 bankruptcy cases. KSLPLLC submits that these agreed terms of reimbursement, compensation, and hourly rates are

2

reasonable. KSLPLLC will notify the Debtors of any change in the hourly rates charged for services rendered.

### C.     Retainer & Prepetition Payments

8.     The Debtors did not engage KSLPLLC to advise the Debtors regarding filing bankruptcy prior to the Petition Date.

9.     KSLPLLC has requested a retainer, but as of the filing of the Application, a retainer has not been provided to the firm. If circumstances change, KSLPLLC shall notify the Court of receipt of any retainers and its disposition by KSLPLLC.

### D.     Disclosure of Connections

10.     KSLPLLC performed the following actions to determine whether it or any of its attorneys has any disclosable connections, to the Debtors, creditors, any other party in interest, their respect attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas. I conducted a search of KSLPLLC files to determine using the list of parties listed in Schedule 1 hereto whether the firm had any connections to or represented any of the parties listed on Schedule 1. The search revealed that the firm had not and did not presently represent any of the parties listed on Schedule 1.

11.     The results of the foregoing connections search process confirm that neither I, KSLPLLC, nor any of its employees or shareholders, to the best of my knowledge, have any disqualifying connections. KSLPLLC does not hold any debt or equity securities in the Debtors, is not an insider of the Debtors, and was not a creditor of the Debtors on the Petition Date.

12.     The only connection to any of the parties on Schedule 1 is by virtue of having represented the three Debtors while a partner at PLR.

3

13.      As to Marc Schwartz, the Chief Restructuring Officer, I, as a partner in a previous firm, represented a party adverse to Mr. Schwartz, in a bankruptcy case where Mr. Schwartz acted as the chapter 7 trustee. That cases conclude over 10 years ago.

14.      More recently, I have acted as special fee counsel for Mr. Schwartz when he served as a state court receiver. My representation of Mr. Schwartz as a receiver on that matter concluded in 2021.

15.      I have also worked with Mr. Schwartz as the Chief Restructuring Officer of Consolidated Wealth Management, a debtor before Judge Jones. I have not worked with him in that capacity since my departure from PLR on May 15, 2022.

16.      I may have represented in the last 40 years of my practice a party or parties related to a creditor in the Chapter 11 Cases. If such connections exist, they would be on matters wholly unrelated to the service for which the Debtors seeks to engage KSLPLLC.

### E.      Affirmative Statement of Disinterestedness

17.      Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I am able to ascertain, KSLPLLC is a "disinterested person" within the meaning of Bankruptcy Code § 101(14). KSLPLLC is not a creditor, an equity security holder, or an insider of the Debtors; KSLPLLC is not and was not within 2 years before the Petition Date a director, officer, or employee of the Debtors; and KSLPLLC does not have any interest materially adverse to the interests of the Debtors' bankruptcy estates or any class of creditors or equity security holders.

### F.      Bankruptcy Rule 2016(b) Disclosures

18.      Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, KSLPLLC has not shared or agreed to share (a) any of its compensation from the representation of the Debtors with

4

any other persons or (b) any compensation any other persons have received, may have received, or will receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2022.          By: /s/*Kyung S. Lee*
                                       Kyung S. Lee

5

## <u>SCHEDULE 1 TO LEE DECLARATION</u>

### SEARCHED PARTIES

<u>Debtors & Professionals</u>

> InfoWars, LLC
> InfoWars Health, LLC
> Prison Planet TV, LLC
> Free Speech Systems LLC
> Russell Nelms
> Richard Schmidt

<u>Debtors' Equity</u>

> Alex Jones

<u>Creditors & Parties in Interest</u>

> Leonard Pozner
> Veronique De La Roase
> Erica Lafferty
> Neil Heslin
> Scarlet Lewis

2