UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22-60020 |
| | ) | |
| INFOW, LLC, *et al.*, | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**MOTION PURSUANT TO BANKRUPTCY RULE 9023 TO AMEND STIPULATION
AND AGREED ORDER DISMISSING DEBTORS' CHAPTER 11 CASES**
[Related to ECF No. 114]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE CHRISTOPHER LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Parkins & Rubio LLP ("P&R"), f/k/a Parkins Lee & Rubio LLP, general bankruptcy counsel to InfoW, LLC (f/k/a InfoWars LLC), IWHealth, LLC (f/k/a InfoWars Health, LLC) and Prison Planet TV, LLC (collectively, the "Debtors") form the Petition Date (defined below) to

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

May 15, 2022, hereby files this motion (this "Motion"), to amend that certain *Stipulation And Agreed Order Dismissing Debtors' Chapter 11 Cases* [ECF No. 114] (the "Dismissal Order") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and rules 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and respectfully states the following:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of the Debtors' bankruptcy cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory base of the relief sought are sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 9023 which incorporates rule 59 of the Federal Rules of Civil Procedure (the "Federal Rules").

## BACKGROUND

4. On April 18, 2022 (the "Petition Date"), each of the Debtors commenced a bankruptcy case (collectively, the "Chapter 11 Cases") by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code.

5. On May 13, 2022, the Debtors filed the *Debtors' Application to Employ Parkins Lee & Rubio LLP as Bankruptcy Counsel for the Period From April 18 to May 15, 2022* (the "Retention Application") [ECF No. 94]. The Retention Application was timely filed to qualify for *nunc pro tunc* relief as of the Petition Date pursuant to Local Rule 2014-1(b)(1).[2] The 21-day

---

[2] Local Rules If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous.

objection period has transpired, no objections were filed, and the retention should have been approved by this honorable court.

6. Effective as of May 15, 2022, Mr. Kyung Lee, the partner of P&R in charge of this representation withdrew from the firm. Mr. Lee's withdrawal from the firm is set out in the Retention Application and is the reason the Retention Application limits the retention period from the Petition Date to May 15, 2022.

7. On June 1, 2022, the Debtors, represented by Mr. Lee at his new firm Kyung S. Lee PLLC, the United States Trustee and Melissa Haselden as the subchapter v trustee (the "Subchapter V Trustee") caused to be filed a *Stipulation And Agreed Order Dismissing Debtors' Chapter 11 Cases* [ECF No. 110] (the "Proposed Dismissal Order").

8. P&R was not served with a copy of the Proposed Dismissal Order when it was filed. P&R was not involved in the drafting or any negotiation of the Proposed Dismissal Order.

9. The Proposed Dismissal Order does not provide any procedure to address the pending retention of professionals and payment of administrative claims for professional fees in these Chapter 11 Cases, except for the payment of fees owed to the Subchapter V Trustee.

10. On June 9, 2022, the Court entered the *Stipulation and Agreed Order Dismissing Debtors' Chapter 11 Cases* [ECF No. 114] (the "Dismissal Order").

11. On June 14, 2022, P&R filed its first and final request for allowance and payment of fees and reimbursement of expenses [ECF No. 119].

## RELIEF REQUESTED

12. P&R respectfully requests the entry of an order substantially in the form attached hereto amending the Dismissal Order to amend and supplement its terms to establish a process for

the payment of outstanding administrative claims, including those for professional fees for the professionals the Debtors have sought to retain in these Chapter 11 Cases.

## BASIS FOR RELIEF

13. Bankruptcy Rule 9023 provides in relevant part: "Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." FED. R. BANKR. P. 9023. A Rule 59(e) motion may be granted to prevent manifest injustice. *McGillivray v. Countrywide Home Loans, Inc.*, 360 F. App'x 533, 537 (5th Cir. 2010).

14. Notwithstanding the entry of he order dismissing a bankruptcy case, the bankruptcy court continues to have the "inescapable duty" to determine reasonableness of attorney's fees awards "both on the basis or recognized jurisdictional principles and also on the basis of the court's well-established duty and power to regulate the practice of counsel before it." *In re Lowe*, 97 B.R. 547, 548-49 (Bankr. W.D. Mo. 1987); *see also In re Fox*, 140 B.R. 761, 762 (Bankr. D. S.D. 1992) (holding that "counsel may only obtain or retain compensation upon court approval of fee applications," and holding that a bankruptcy court has jurisdiction to determine attorney fees even after the case's dismissal).

15. Here, the Dismissal Order provides a process for allowance and payment of only one administrative claim – that for the Subchapter V Trustee's compensation, but it does not establish a process for the allowance and payment of the other administrative claims for estates professionals' compensation in these Chapter 11 Cases.

16. Without a process for the payment of all estate administrative claims including allowance of the estate professionals' compensation this could result in manifest injustice because the work was done during the pendency of the case and created administrative claim of the estate

that need to be paid in connection with the dismissal. While P&R does not waive any rights it has in connection with its engagement letter with the Debtors, the unapproved fees may be considered unenforceable against the Debtors if P&R were to rely on a post-dismissal private agreement with Debtors – which private agreement does not exist. *See In re 5900 Assocs., L.L.C.*, 326 B.R. 402, 409 (E.D. Mich. 2005), aff'd sub nom. In re 5900 Assocs., Inc., 468 F.3d 326 (6th Cir. 2006) ("The Revision Notes to 11 U.S.C. § 330 underscore that 'fees are not a matter for private agreement' in bankruptcy cases due to the public-interest concerns inherent in the award of such fees, Thus . . . the Debtor's execution of the fee agreement and corresponding promissory note cannot render the Debtor indebted to [the Debtor's bankruptcy counsel] for the unapproved attorney fees arising from the dismissed chapter 11 case where those fees are otherwise invalid and unenforceable under § 330. [] In other words, for purposes of bankruptcy law, the Debtor cannot transform an unenforceable claim under the Bankruptcy Code into an enforceable one by virtue of private agreement, even if such an agreement were otherwise enforceable under [applicable state] law.").

17. Accordingly, to prevent this manifest injustice from occurring, P&R respectfully requests that the Court enter an order amending the Dismissal Order to establish a process for the Bankruptcy Court to consider payment of all administrative claims of the estate, including approval and payment of the professional fee applications of Debtors' professionals that should be retained.

## **CONCLUSION**

WHEREFORE, to prevent manifest injustice, P&R respectfully requests that this Court enter the proposed order attached hereto establishing a process for consideration of estate professionals' final fee applications and the related unapproved retention applications and providing any other relief that the Court deems just and proper.

Dated: June 15, 2022

                                               Respectfully Submitted

                                               PARKINS & RUBIO LLP

                                               */s/ Charles M. Rubio*
                                               Lenard M. Parkins PLLC
                                               TX Bar No. 15518200
                                               Charles M. Rubio P.C.
                                               TX Bar No. 24083768
                                               R. Hale Neilson
                                               TX Bar No 24116820
                                               Pennzoil Place
                                               700 Milam Street, Suite 1300
                                               Houston, TX 77002
                                               Phone: (713) 715-1660
                                               Fax:    (713) 715-1669
                                               Email: lparkins@parkinsrubio.com
                                                                        crubio@parkinsrubio.com
                                                                        hneilson@parkinsrubio.com

**CERTIFICATE OF SERVICE**

      I certify on June 15, 2022, I caused a true and correct copy of the foregoing document to be served by (1) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive CM/ECF notice and (2) via First Class Mail, postage pre-paid, on the parties listed in the attached service list.

                                      */s/ Charles M. Rubio*
                                      Charles M. Rubio

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re: | Case No. 22-60020 |
| INFOW, LLC, *et al.*, | Chapter 11 (Subchapter V) |
| Debtors.[1] | Jointly Administered |

**ORDER GRANTING MOTION PURSUANT TO BANKRUPTCY RULE 9023 TO AMEND STIPULATION AND AGREED ORDER DISMISSING DEBTORS' CHAPTER 11 CASES**

The Court having considered the *Motion Pursuant To Bankruptcy Rule 9023 To Amend Stipulation And Agreed Order Dismissing Debtors' Chapter 11 Cases* (the "Motion")[2] filed by Parkins & Rubio, LLP, general bankruptcy counsel for the Debtors from the period April 18, 2022 through May 15, 2022, arguments of counsel, and objections, if any; and based on the matters reflected in the record of the hearing held on the Motion; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b); that notice of the Motion was sufficient; and that good cause has been shown for granting the relief requested therein, it is hereby **ORDERED** that:

1. The terms of this order supplement the terms of the *Stipulation And Agreed Order Dismissing Debtors' Chapter 11 Cases* [ECF No. 114] (the "Dismissal Order").

2. Notwithstanding the dismissal of these Chapter 11 Cases, the Bankruptcy Court retains jurisdiction to consider approval of the retention applications for the professional the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

Debtors sought to retain in these Chapter 11 Cases and the fee applications of such professionals.

3. Each professional retained by the Debtors (each, a "Debtors' Professional") who wants to seek payment of their fees and reimbursement of their expense as an administrative expenses of the Debtors' Chapter 11 Cases must file an application (a "Fee Application") for allowance and payment of fees and reimbursement of expenses by no later than _____ ____, 2022 (the "Fee Application Deadline").

4. The Court will conduct a hearing to consider approval of the Fee Applications and the related retention applications of such Debtors' Professionals on _____ _____, 2022 at __:____ __.m. (CT) in Courtroom 401, 4th Floor, 515 Rusk, Houston, Texas 77002.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DATED: _____, 2022

                                            _____
                                            CHRISTOPHER LOPEZ
                                            UNITED STATES BANKRUPTCY JUDGE