UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| IN RE: | § | |
| INFOW, LLC *et al.* | § | CASE NO. 22-60020 |
| | § | |
| | § | CHAPTER 11 (Subchapter V) |
| | § | Jointly Administered |
| | § | |

### CHAPTER 11 FEE APPLICATION SUMMARY

| | | |
|---|---|---|
| **Name of Applicant:** | Melissa A. Haselden | |
| **Applicant's Role in Case:** | Chapter 11 Subchapter V Trustee | |
| **Indicate whether this is an interim or final application:** | Final | |
| **Date Notice of Appointment Signed:** | April 18, 2022 [ECF No. 9, 12] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | April 18, 2022 | June 10, 2022 |
| **Time period(s) covered by prior Applications:** | N/A | N/A |
| **Total amounts awarded in all prior Applications:** | | N/A |
| **Total fees requested in this Application:** | | $ .00 |
| **Total professional fees requested in this Application:** | | $12,375.00 |
| **Total actual professional hours covered by this Application:** | | 27.5 |
| **Average hourly rate for professionals:** | | $450.00 |
| **Total paraprofessional fees requested in this Application:** | | N/A |
| **Total actual paraprofessional hours covered by this Application:** | | N/A |
| **Average hourly rate for paraprofessionals:** | | N/A |
| **Reimbursable expenses sought in this application:** | | $0.00 |
| **Total to be Paid to Priority Unsecured Creditors:** | | N/A |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | | N/A |
| **Total to be Paid to General Unsecured Creditors:** | | N/A |
| **Anticipated % Dividend to General Unsecured Creditors:** | | N/A |
| **Date of Confirmation Hearing:** | | N/A |
| **Indicate whether plan has been confirmed:** | | NO |

UNITED STATES BANKRUPTCY COURT

**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
|   INFOW, LLC *et al.* | § | CASE NO. 22-60020 |
| | § | |
| | § | CHAPTER 11 (Subchapter V) |
| | § |   Jointly Administered |
| | § | |

**FIRST AND FINAL APPLICATION OF MELISSA A. HASELDEN**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
**AND FOR REIMBURSEMENT OF EXPENSES AS SUBCHAPTER V TRUSTEE**
**TO DEBTORS FOR THE PERIOD FROM**
**APRIL 18, 2022 TO JUNE 10, 2022**

---

**NOTICE PURSUANT TO LOCAL RULE 9013-1**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE,

      Melissa A. Haselden ("Trustee"), Subchapter V Trustee in the captioned jointly administered cases of InfoW, LLC, Prison Planet TV, LLC, and IWHealth, LLC (collectively **"InfoW" or "Debtors"),** files this First and Final Application for Allowance of Compensation ("**Application**"), requesting fees in the amount of $12,375.00, reimbursement of expenses of $0.00, and reimbursement for the preparation and service of this application of $1,900.00 for a total amount of $14,275.00, for the period from April 18, 2022 through June 10, 2022 (the

2

"**Compensation Period**"), pursuant to Sections 330 and 331 of the 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and S.D. Tex. L.B.R. 2016-1(c). In support of this Application, Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to hear and determine the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

## INTRODUCTION

2. On April 17, 2022, (the "**Petition Date**"), the Debtors each filed a voluntary petition under Subchapter V of Chapter 11 of the Bankruptcy Code (collectively "**Bankruptcy Cases**") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**"). On April 18, 2022, the Court entered an order authorizing joint administration of the Bankruptcy Cases under Case No. 22-60020 [Docket No. 8].

3. On April 18, 2022, the United States Trustee filed a Notice of Appointment of Subchapter V Trustee which appointed Trustee to act as its Subchapter V Trustee. [Docket No. 9]. Subsequently, on April 18, 2022, a corrected Notice of Appointment of Subchapter V Trustee was filed to correct the case number [Docket No. 12].

4. On June 10, 2022, the Court entered a stipulation and agreed order authorizing dismissal of the Bankruptcy Cases and requiring the Debtors to remit $25,000 to the Trustee to be held in trust pending approval of a fee application [Docket No. 114].

5. On or about June 16, 2022, Trustee received the $25,000 remittance which is currently held in Trustee's client trust account ("**Fee Deposit**").

## PRIOR FEE APPLICATIONS

6. Trustee has not filed any prior interim fee applications. This Application covers all fees and expenses provided by Trustee during the pendency of this case.

### FIRST AND FINAL FEE APPLICATION

7. This Trustee's first and final application for compensation which covers professional services performed and expenses incurred from April 18, 2022 through June 10, 2022. During the period covered by this Final Fee Application, the Trustee expended a total of 27.5 hours for professional services rendered. A complete and itemized accounting of the foregoing time was provided to the Debtors and is set forth in the Invoices attached as **Exhibit A**. The Invoices record the Trustee's daily time entries and include a description of the nature and substance of the services rendered, the date on which the services were performed, and the attorney, clerk, or paralegal, who performed the services and the amount of time actually spent as well as the costs incurred or advanced by the Trustee.

8. The value of the professional services rendered by the Trustee between April 18, 2022 through June 10, 2022 totals $12,375.00. During this time, the Trustee also incurred aggregate expenses in the amount of $0.00.

9. The fees and expenses during the applicable period are broken down as follows:

| Period | Fees | Expenses | Total |
|---|---|---|---|
| April 1 – April 30, 2022 | $6,570.00 | $0.00 | $6,570.00 |
| May 1 – May 31, 2022 | $5,400.00 | $0.00 | $5,400.00 |
| June 1 – June 10, 2022 | $405.00 | $0.00 | $405.00 |
| **Totals** | **$12,375.00** | **$0.00** | **$12,375.00** |

10. The Trustee requests payment of fees and expenses totaling $12,375.00 for services it provided during Debtors' chapter 11 cases, plus an additional $1,900.00 related to the cost to prepare and serve this Application for a total of $14,275.00.

### SUMMARY OF SERVICES RENDERED

11.     The services rendered by the Trustee to the Debtors were necessary and appropriate. The compensation requested is commensurate with the complexity and nature of the issues and tasks involved.

12.     The following project categories detail the activities performed by the Trustee and the time spent in performance of each such service are as follows.

### LEGAL SERVICES PROVIDED TO DEBTORS

**A.  110-Case Administration**                                    **26.6 Hrs.**        **$11,970.00**

13.     Trustee billed time to this matter to review and execute documents relative to appointment as Trustee, review various first day motions, review schedules and statement of financial affairs, prepare for and attend initial debtor interview; attend 341 meeting of creditors. Trustee also billed time to this matter to review various motions to dismiss the Bankruptcy Cases filed by the litigation plaintiffs and the US Trustee.  Trustee also billed time to research and review authority relative whether Subchapter V designation was appropriate in these cases. Additional time was billed to this matter to attend several hearings regarding case status and dismissal of the Bankruptcy Cases.  Trustee also billed time related to various telephone conferences and email with counsel for Debtors, counsel for the US Trustee, and counsel for various creditors and parties in interest regarding case related issues. Ultimately, the Bankruptcy Cases were dismissed by agreement of the parties.

**B.  160-Employment of Professionals**                            **.70 Hrs.**         **$315.00**

14.     Trustee billed time to this matter to review various applications to employ professionals in this case including counsel for Debtors and proposed CRO for the Debtors.

**C.  310-Claims and Claim Objections**                            **.20 Hrs.**         **$90.00**

15. The Trustee billed time to this matter related to review of motion to establish bar date for filing claims in the Bankruptcy Cases.

## FIRST COLONIAL FACTORS

16. Pursuant to Bankruptcy Local Rule 2016(a), fee applications must include a discussion of the factors considered in *American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of America)*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). Consideration of the factors listed in First Colonial Corp. indicates that the compensation requested by Trustee for the services rendered during the Compensation Period is reasonable:

(i) <u>Time and Labor Required.</u> As set forth in detail on Exhibit A, the Trustee spent 27.5 hours during the Compensation Period performing her required duties as Trustee to the Debtors.

(ii) <u>Novelty and Difficulty of the Questions.</u> The services of a Subchapter V Trustee require special knowledge of the Bankruptcy Code.

(iii) <u>Skill Requisite to Perform the Service Properly.</u> As stated above, acting as a Subchapter V Trustee required knowledge of the Bankruptcy Code and, in particular, its' provisions as they relate to a Debtor's rights and duties under Chapter 11 of the Bankruptcy Code.

(iv) <u>Preclusion of Other Employment Due to the Acceptance of the Case.</u> To the extent the Trustee devoted time performing her duties and assisting the Debtors, she was precluded from performing legal services on behalf of other clients. Aside from the foregoing, there was no preclusion from other employment.

(v) <u>Customary Fee.</u> The Trustee has requested a total fee which it feels is reasonable under the circumstances. The hourly rates applied for are the normal rates charged by the Trustee during the period of its service. In the opinion of the Trustee, such rates are in line with the

community standard for comparable work.

(vi) <u>Whether the Fee is Fixed or Contingent.</u> The fees in a bankruptcy proceeding are always contingent upon ultimate approval by the court and contingent upon there being assets available with which to pay such fees.

(vii) <u>Time Limitations imposed by client and other circumstances.</u> Subchapter V imposes certain deadlines which must be met. No other time limitations were imposed by this case.

(viii) <u>Amount Involved and Results Obtained.</u> Trustee worked with various constituencies to determine whether the Bankruptcy Cases were appropriate matters under Subchapter V. The cases were ultimately dismissed by agreement.

(ix) <u>The experience, reputation, and ability of the professionals.</u> Melissa A. Haselden is board certified in business bankruptcy by the Texas Board of Legal Specialization. She believes she is generally recognized in this district for her abilities and competency, particularly in the field of bankruptcy law.

(x) <u>The Undesirability of the Case.</u> This factor is not applicable in this proceeding.

(xi) <u>Nature and Length of Professional Relationship with Client.</u> The nature and length of professional relationship with client is not a factor in this proceeding.

(xii) <u>Awards in Similar Cases.</u> Trustee believes that the fees requested herein are similar to fees awarded in other cases of a similar nature. The Trustee made every effort to limit fees while also providing necessary services and support to the Debtors.

**FIRST AND FINAL APPLICATION.**

17. The Trustee requests the Court to authorize compensation to be paid to Trustee and in the amount of $14,275.00 for fees which it incurred between April 18, 2022 and June 10, 2022. The Trustee also requests that this Court authorize reimbursement to it for expenses totaling $0.00.

### ESTIMATED AMOUNT TO PREPARE FINAL FEE APPLICATION.

18. The Trustee further requests payment of $1,900.00 related to the cost of preparing and serving this Application.

WHEREFORE, the Subchapter V Trustee requests that the Court:

a) Authorize payment and reimbursement of $14,275.00 to Trustee, representing (i) fees of $12,375.00; (ii) expenses of $0.00; and (iii) costs of $1,900.00 for the preparation and service of this Application;

b) Authorize Trustee to apply $14,275.00 of the Fee Deposit to the outstanding fees and expenses referenced herein and remit any remaining balance of the Fee Deposit to the Debtors and

c) Grant such other and further relief to which the Subchapter V Trustee may show itself to be justly entitled.

DATED: June 20, 2022

Respectfully submitted,

**HASELDEN FARROW PLLC**

By: /s/ *Melissa A. Haselden*
Melissa A. Haselden
State Bar No. 00794778
700 Milam, Suite 1300
Pennzoil Place
Houston, Texas 77002
Telephone: (832) 819-1149
Facsimile: (866) 405-6038
mhaselden@haseldenfarrow.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 20, 2022, a copy of the foregoing *First and Final Application of Melissa A. Haselden, Subchapter V Trustee, for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period from April 18, 2022 through June 10, 2022* has been served via through the ECF system to the parties listed below:

22-60020 Notice will be electronically mailed to:

Raymond William Battaglia on behalf of Interested Party Ray W. Battaglia
rbattaglialaw@outlook.com, rwbresolve@gmail.com

Jon Maxwell Beatty on behalf of Creditor Neil Heslin, et al.
max@beattypc.com, 1652348420@filings.docketbird.com,7671921420@filings.docketbird.com

Ryan E Chapple on behalf of Creditor David Wheeler, et al.
rchapple@cstrial.com, aprentice@cstrial.com

Melissa A Haselden
mhaselden@haseldenfarrow.com, haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Melissa A Haselden on behalf of Trustee Melissa A Haselden
mhaselden@haseldenfarrow.com, haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Shelby A Jordan on behalf of Interested Party Shelby A Jordan
cmadden@jhwclaw.com

Kyung Shik Lee on behalf of Attorney Kyung Shik Lee
kslee50@gmail.com, Courtnotices@kasowitz.com

Kyung Shik Lee on behalf of Debtor IWHealth, LLC
kslee50@gmail.com, Courtnotices@kasowitz.com

Kyung Shik Lee on behalf of Debtor InfoW, LLC
kslee50@gmail.com, Courtnotices@kasowitz.com

Kyung Shik Lee on behalf of Debtor Prison Planet TV, LLC
kslee50@gmail.com, Courtnotices@kasowitz.com

Avi Moshenberg on behalf of Creditor Neil Heslin, et al.
avi.moshenberg@mhllp.com, ana.sanchez@mhllp.com

Ha Minh Nguyen on behalf of U.S. Trustee US Trustee
ha.nguyen@usdoj.gov

Michael P Ridulfo on behalf of Other Prof. W. Marc Schwartz
mridulfo@krcl.com, rcoles@krcl.com

Charles Michael Rubio on behalf of Attorney Parkins & Rubio LLP
crubio@parkinslee.com, 7485062420@filings.docketbird.com;arodriguez@parkinslee.com;bmcfadden@parkinslee.com;skimble@parkinslee.com

Charles Michael Rubio on behalf of Debtor IWHealth, LLC
crubio@parkinslee.com, 7485062420@filings.docketbird.com;arodriguez@parkinslee.com;bmcfadden@parkinslee.com;skimble@parkinslee.com

Charles Michael Rubio on behalf of Debtor InfoW, LLC
crubio@parkinslee.com, 7485062420@filings.docketbird.com;arodriguez@parkinslee.com;bmcfadden@parkinslee.com;skimble@parkinslee.com

Charles Michael Rubio on behalf of Debtor Prison Planet TV, LLC
crubio@parkinslee.com, 7485062420@filings.docketbird.com;arodriguez@parkinslee.com;bmcfadden@parkinslee.com;skimble@parkinslee.com

Jayson B. Ruff on behalf of U.S. Trustee US Trustee
jayson.b.ruff@usdoj.gov

R. J. Shannon on behalf of Debtor IWHealth, LLC
rshannon@shannonpllc.com, rshannon@shannonleellp.com;7044075420@filings.docketbird.com

R. J. Shannon on behalf of Debtor InfoW, LLC
rshannon@shannonpllc.com, rshannon@shannonleellp.com;7044075420@filings.docketbird.com

R. J. Shannon on behalf of Debtor Prison Planet TV, LLC
rshannon@shannonpllc.com, rshannon@shannonleellp.com;7044075420@filings.docketbird.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Clifford Hugh Walston on behalf of Creditor Neil Heslin, et al.
cliff@wbctrial.com, rose@wbctrial.com;brittany@wbctrial.com

Randy W Williams on behalf of Creditor David Wheeler, et al.
rww@bymanlaw.com, rww.trustee1@gmail.com;Bymanassociatespllc@jubileebk.net

                                                      */s/ Melissa A. Haselden*
                                                      Melissa A. Haselden